# UNITED STATES COURT OF APPEALS

# FOR THE SIXTH CIRCUIT

BENJAMIN STANLEY,

                          COA Case No. 23-1808
                          W.D. Mich. Case No. 23-cv-00206

      Plaintiff,                Hon. Jane M. Beckering
                          Maj. Ray Kent

v.

WESTERN MICHIGAN UNIVERSITY,
KATIE DECAMP, individually and in her
professional capacity; WARREN HILLS,
individually and in his professional capacity,

      Defendants.

---

| | |
|---|---|
| Eric D. Delaporte (P69673) | Daniel B. Tukel (P34978) |
| DELAPORTE LYNCH, PLLC | BUTZEL LONG PC |
| Attorney for Plaintiff/Appellant | Attorney for Defendants/Appellee's |
| 210 State St., Suite B | 201 W Big Beaver Rd., Suite 1200 |
| Mason, MI 48854 | Troy, MI 48084 |
| (517) 999-2626 | (313) 225-7047 |

---

# BRIEF OF APPELLANT BENJAMIN STANLEY

# <u>ORAL ARGUMENT REQUESTED</u>

# TABLE OF CONTENTS

INDEX OF AUTHORITIES......................................................................iii

STATEMENT IN SUPPORT OF ORAL ARGUMENT .................................. 1

STATEMENT OF JURSIDICTION.............................................................. 2

STATEMENT OF ISSUES .......................................................................... 3

STATEMENT OF THE CASE ...................................................................... 4

SUMMARY OF THE ARGUMENT ............................................................. 9

ARGUMENT............................................................................................. 11

   **I.   Whether the District Court erred in Dismissing Counts I, II, and III against Defendants' WMU, Warren Hills, and Katie DeCamp. ................... 11**

      A.   Standard of Review ................................................................ 11

      B.   Whether the District Court Properly Applied Eleventh Amendment Immunity to Completely Immunize Defendants and Preclude Mr. Stanley from Seeking Relief against All Defendants. ........................................................... 12

      C.   Whether the District Court Properly Applied Eleventh Amendment Immunity to Individual Defendants Hills and DeCamp, Despite Individual Defendants Not Constituting the State Itself. ................................................. 20

   **II.   Whether the District Court Erred in Dismissing Mr. Stanley's State Law Counts in their Entirety Because of Mr. Stanley's Failure to Comply with the Notice Requirement of Mich. Comp. Laws § 600.6431. ................... 22**

      A.   Standard of Review ................................................................ 22

      B.   The Notice Requirement of Mich. Comp. Laws § 600.6431 Does Not Apply to Defendants Hills and DeCamp Because They Are Not the State..... 22

      C.   The Notice Requirement Does Not Apply to Claims Against WMU Filed in Federal Court. ..................................................................... 25

   **III.   Whether the District Court Erred in Denying Mr. Stanley's Leave to Amend His Complaint. .......................................................................... 26**

      A.   Standard of Review ................................................................ 26

B.    Whether Mr. Stanley's Proposed Amendments to His Complaint to Elaborate on His Requested *Ex parte Young* Relief and Clarify the Roles of Individual Defendants were Futile. .................................................................... 27

**CONCLUSION** ........................................................................ **34**

**CERTIFICATE OF COMPLIANCE** .................................................. **35**

**CERTIFICATE OF SERVICE** ........................................................ **36**

# INDEX OF AUTHORITIES

**Supreme Court Cases**

*Bd. of Trs. v. Garrett*,
   531 U.S. 356, 121 S. Ct. 955 (2001) .......................................................... 13, 14

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955 (2007) ............................................................ 27

*Burlington N. & Santa Fe Ry. Co. v. White*,
   548 U.S. 53, 126 S. Ct. 2405 (2006) ......................................................... 17, 18

*Conley v. Gibson*,
   355 U.S. 41, 78 S. Ct. 99 (1957)) ................................................................... 28

*Fla. Dep't of State v. Treasure Salvors, Inc.,*
   458 U.S. 670, 102 S. Ct. 3304 (1982) ............................................................ 20

*Johnson v. City of Shelby*,
   574 U.S. 10, 135 S. Ct. 346 (2014) ................................................................ 27

*Tennessee v. Lane*,
   541 U.S. 509, 124 S. Ct. 1978 (2004) ............................................................ 13

*United Mine Workers of Am. v. Gibbs*,
   383 U.S. 715, 86 S. Ct. 1130 (1966) .............................................................. 25


**Sixth Circuit Cases**

*Am. BioCare Inc. v. Howard & Howard Attys. PLLC*,
   702 F. App'x 416 (6th Cir. 2017) ................................................................... 11

*Block v. Canepa*,
   74 F.4th 400 (6th Cir. 2023) ..................................................................... 13, 22

*Brent v. Wayne Cty. Dep't of Human Servs.*,
   901 F.3d 656 (6th Cir. 2018) .......................................................................... 13

*Carten v. Kent State Univ.*,
   282 F.3d 391 (6th Cir. 2002) ............................................................... 24, 34, 37

*Cob Clearinghouse Corp. v. Aetna U.S. Healthcare, Inc.*,
   362 F.3d 877 (6th Cir. 2004) .......................................................................... 11

*Cook v. Garner*,
   No. 19-5931, 2020 U.S. App. LEXIS 19024 (6th Cir. June 17, 2020) ............. 18

*Craighead v. E.F. Hutton & Co.*,
   899 F.2d 485 (6th Cir. 1990) ..................................................................... 31, 33

*Crugher v. Prelesnik*,
   761 F.3d 610 (6th Cir. 2014) ..................................................................... 23, 24

*Diaz v. Michigan Dept. of Corr.*,
   703 F3d 956 (6th Cir. 2013) ...................................................................... 14, 37

*Dillon-Barber v. Regents of the University of Michigan*,
  51 F. App'x 946 (6th Cir. 2002) ........................................................ 17

*Duggins v. Steak 'N Shake, Inc.*,
  195 F.3d 828 (6th Cir. 1999) ............................................................. 33

*Ex parte Young*,
  209 U.S. 123, 28 S. Ct. 441 (1908) ................................................... 23

*Hoover v. Langston Equip. Assocs., Inc.*,
  958 F.2d 742 (6th Cir. 1992) ............................................................. 31

*Howard v. Whitbeck*,
  382 F.3d 633 (6th Cir.  2004) ............................................................ 11

*Keys v. Humana, Inc.*,
  684 F.3d 605 (6th Cir. 2012) ............................................................. 32

*Max Trucking, Ltd. Liab. Co. v. Liberty Mut. Ins. Corp.*,
  802 F.3d 793 (6th Cir. 2015) ............................................................. 26

*Mayers v. Campbell*,
  87 F. App'x 467 (6th Cir. 2003) ........................................................ 16

*O'Donnell v. Univ. Hosps. Cleveland Med. Ctr.*,
  833 F. App'x 605 (6th Cir. 2020) ...................................................... 19

*Parchman v. SLM Corp.*,
  896 F.3d 728 (6th Cir. 2018) ............................................................. 31

*Proctor v. Bd. of Med.*,
  718 F. App'x 325 (6th Cir. 2017) ......................................... 23, 25, 27

*Swanson v. University of Cincinnati*,
  268 F.3d 307 (6th Cir. 2001) ............................................................. 16

*United States v. Spinelle*,
  41 F.3d 1056 (6th Cir. 1994) ............................................................. 25


**Federal District Court Cases**

*Hawthorne-Burdine v. Oakland Univ.*,
  158 F. Supp. 3d 586 (E.D. Mich. 2016), *aff'd*, No. 16-1103, 2016 WL 11854487
  (6th Cir. Nov. 3, 2016) ...................................................................... 12

*Huang v. Presbyterian Church*,
  346 F. Supp. 3d 961, 971 (E.D. Ky. 2018) ....................................... 32

*McCollum v. Owensboro Cmty. & Tech. Coll.*,
  No. 4:09CV-00121-M, 2010 U.S. Dist. LEXIS 135637 (W.D. Ky. Dec. 22,
  2010) .................................................................................................. 18

*Miller v. Rudd*,
  No. C2-97-317, 2001 U.S. Dist. LEXIS 25974 (S.D. Ohio Feb. 6, 2001) ......... 13

**State Cases**

*Christie v. Wayne State Univ.*,
    511 Mich. 39, 993 N.W.2d 203 (2023) ........................................................ 23, 24
*Elia Cos., LLC v. Univ. of Mich. Regents*,
    511 Mich. 66, 993 N.W.2d 392 (2023) ............................................................ 24

**Federal Statutes**

28 U.S.C. § 1367 ............................................................................................... 25
42 U.S.C. § 12203 ............................................................................................. 17
42 U.S.C. § 2000e-3 ......................................................................................... 17
42 U.S.C.S. § 12202 ......................................................................................... 13

**State Statutes**

Mich. Comp. Laws § 37.1602 ........................................................................... 17
Mich. Comp. Laws § 600.6419 ................................................................... 22, 25
Mich. Comp. Laws § 600.6431 ................................................................... 22, 24
Mich. Comp. Laws § 600.6440 ......................................................................... 25

**Federal Rules**

Fed. R. Civ. P . 15(a)(2) .................................................................................... 28

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Mr. Stanley requests oral argument in this case to clarify arguments presented, as necessary, and to answer questions from the Court that may arise in the resolution of this Appeal as of Right.  Oral argument will help resolve any questions this Court may have regarding the facts of the case, procedural history, and legal arguments.

## STATEMENT OF JURSIDICTION

The U.S. District Court for the Western District of Michigan maintained subject matter jurisdiction over the instant case pursuant to 28 U.S.C. §§ 1331 and 1343, due to Mr. Stanley's federal civil rights claims arising under 41 U.S.C. §§ 12101 *et seq.*, 12203, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Mr. Stanley's state law employment discrimination and retaliation claims under the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA"), and Michigan common law Intentional Infliction of Emotional Distress.

This Honorable Court maintains jurisdiction over Mr. Stanley's claims under 28 U.S.C. § 1291. The final order being appealed disposed of all issues in this case and was entered on August 7, 2023.[1] The Notice of Appeal was timely filed on September 5, 2023.

---

[1] The final order dismissed all Counts against Defendants Western Michigan University, Warren Hills, and Katie DeCamp with prejudice. The final order also afforded the opportunity for Mr. Stanley to show cause as to why remaining unknown Defendants should not be dismissed for failure to serve by August 21, 2023. Mr. Stanley did not file a show cause responsive document, resulting in the August 7, 2023, order dispensing of all issues and parties in the case. The finality of RE 19 was affirmed by RE 22 (dismissing Counts I, II, and III against WMU, Hills, DeCamp, and dismissing unknown John Doe and Jane Doe employees) and RE 23 (dismissing unknown John Doe and Jane Doe employees).

## STATEMENT OF ISSUES

I.    **Whether Mr. Stanley is entitled to injunctive relief against Defendants Western Michigan University, Katie DeCamp, and Warren Hills under the *Ex parte Young* exception to Eleventh Amendment Immunity.**

>    Appellant Says: Yes
>    Appellee Would Say: No
>    Lower Court Said: No

II.    **Whether Mr. Stanley is barred from bringing the instant-action in Federal Court against Defendants because of Mr. Stanley's failure to comply with the notice requirement of Mich. Comp. Laws § 600.6431.**

>    Appellant Says: No
>    Appellee Would Say: Yes
>    Lower Court Said: Yes

III.    **Whether Mr. Stanley's request to Amend his Complaint to include facts to support the application of the *Ex parte Young* doctrine is futile.**

>    Appellant Says: No
>    Appellee Would Say: Yes
>    Lower Court Said: Yes

## STATEMENT OF THE CASE

In September 2020, Western Michigan University (WMU) hired Mr. Stanley as a utility food worker.  Mr. Stanley began his job in October 2020.  ***Complaint, RE 1, Page ID # 2, ¶¶9-10.***  Mr. Stanley was unfairly disciplined for being late after having arrived on time and being forced to wait for WMU staff to perform required COVID-19 temperature checks.  ***Id.* at Page ID # 3, ¶12.**  Mr. Stanley, largely as a result of his severe ADHD disability, also occasionally forgot his swiping ID card to timely clock in.  ***Id.* at ¶15.**

When Mr. Stanley sought a reasonable accommodation (such as use of a punch card kept onsite) to avoid being unjustly disciplined, his request was denied. ***Id.* at ¶¶15-16.**  When Mr. Stanley spoke with the Office of Institutional Equity (OIE) about potentially having his service dog with him in dining services, OIE responded by asking improper questions about Mr. Stanley's disability and requested he provide invasive medical information, and ultimately his request for an accommodation was denied.  ***Id.* at ¶¶17-18.**

Just prior to the expiration of his probationary period, Mr. Stanley's supervisor praised  his hard work, indicated he was doing a fine job, and on track to pass his probationary period.  ***Id.* at ¶20.**  However, after having requested accommodations for his disabilities, Mr. Stanley was instead terminated from his dish washing job.  ***Id.* at ¶¶24-28.**  After trying to discuss what he perceived to be

4

retaliation and discrimination, he was trespassed from WMU's campus for no perceived reason beyond his report of retaliation and discrimination under the ADA and PWDCRA.  *Id.* **at Page ID #5, ¶¶30, 32.**

WMU is a public university located in Kalamazoo, Michigan.  **RE 1, Page ID # 1, ¶ 2.**  Warren Hills is the Associate Vice President for Human Resources at WMU.  *Id.* **at Page ID # 4, ¶23.**  Katie DeCamp was the Head Supervisor of Dining Services when Mr. Stanley worked at WMU.  *Id.* **at Page ID # 5, ¶30.**

Mr. Stanley received a "Right to Sue" notice from the U.S. Department of Justice on November 29, 2022, authorizing him to pursue his Complaint against Defendants.   **RE 1, Page ID # 1, ¶4.**  Mr. Stanley initiated his lawsuit against Defendants on February 27, 2023.   Mr. Stanley asserted three Counts against Defendants: Discrimination under the ADA (Count I); Retaliation and Intimidation under the ADA and PWDCRA (Count II); Intentional Infliction of Emotional Distress (Count III).  **RE 1, Page ID # 5-6.**

On June 12, 2023, Defendants WMU, Warren Hills, and Katie DeCamp filed a Motion to Dismiss alleging Lack of Subject Matter Jurisdiction under 12(b)(1).  ***Defendants' Motion to Dismiss***,   **RE 16.**  Defendants' raised the following arguments:

> **The University Is Entitled To Dismissal Of the ADA Discrimination Claim Because of Immunity Conferred By The 11th Amendment to the United States Constitution.**  RE 16, Page ID. # 61.

**The University Is Entitled To Dismissal Of The ADA Retaliation Claim in Count II Because of 11th Amendment Immunity.** *Id.* at # 66.

**The State Law Claims Are Barred Due To Mr. Stanley's Failure To File A Notice of Intent With The Clerk of The Michigan Court of Claims.** *Id.* at # 69.

Mr. Stanley filed a Response to Defendant's Motion to Dismiss, which included a Request for Leave to Amend Complaint. ***Plaintiff's Response to Defendants' Motion to Dismiss and Request for Leave to Amend Complaint.* RE 17**. In his Response, Mr. Stanley argued that: Eleventh Amendment immunity does not bar injunctive relief in Title I ADA cases, and that *Garrett* only applies to Title I discrimination claims requesting monetary damages; the *Ex parte Young* doctrine allows Mr. Stanley to request injunctive relief against Defendants; individual Defendants may be held individually liable because they fall under the definition of "employer" under the ADA; Mr. Stanley should be allowed an opportunity to engage in discovery to prove his claim of retaliation and to demonstrate defendants' actions did not pass rational basis scrutiny; and Mr. Stanley's failure to file a notice of intent does not preclude the federal court from exercising supplemental jurisdiction over plaintiff's state law claims. **RE 17**. Mr. Stanley further sought to amend deficiencies in his pleadings to more specifically request *Ex parte Young* relief, such as seeking prospective injunctive relief in the form of "reinstatement," and correct other minor deficiencies in the Complaint. **RE 17, Page ID # 170, ¶ 5.**

On August 7, 2023, the district court dismissed all Counts against Defendants Western Michigan University, Katie DeCamp, and Warren Hills. ***Opinion and Order Dismissing Case***, **RE 19.** The district court dismissed Counts I and II against Western Michigan University based on Eleventh Amendment Immunity. **RE 19, Page ID # 224-27.** In its argument, the court maintained WMU was immune from suit involving the employment discrimination provisions of Title I of the ADA and extended that immunity to Mr. Stanley's ADA Title V Retaliation claim. ***Id.*** **at 225.**

In its discussion and conclusions regarding the viability of *Ex parte Young* relief, the district court stated that Mr. Stanley did not request prospective injunctive relief in his Original Complaint, but rather, sought compensatory damages. ***Id.*** **at 226.** The District Court also alleged that Mr. Stanley's Complaint did not detail any prospective injunctive relief, and argued Mr. Stanley did not include prospective injunctive relief in his Response to the Defendants' motion. ***Id.*** However, Plaintiff's Original Complaint contemplated and included a request for "equitable remedies," and his proposed Amended Complaint includes a specific request for "injunctive relief" and "reinstatement," a form of prospective injunctive relief. Mr. Stanley never foreclosed the idea of non-monetary remedies. Further, the claim that Mr. Stanley did not include "prospective relief" in his Response is inapposite, as he *did* request it through his "Request for Leave to Amend Complaint" filed with his Response.

The district further dismissed Counts I and II against Defendants Warren Hills and Katie DeCamp in both their individual and official capacity based on Eleventh Amendment immunity and because "there is no individual liability under the ADA." *Id.* **at 227.** The district court held Defendants were not "employers" under the ADA. *Id.*

The district court dismissed the State law claims in Counts II and III in their entirety against all Defendants based on Mr. Stanley's failure to follow the "notice" requirement in Mich. Comp. Laws § 600.6431. *Id.* **at 228.** The district court also claimed Mr. Stanley stated Defendants "are themselves employees" of WMU and that Mr. Stanley failed to state factual allegations that they individually discriminated against Mr. Stanleys and the argument that they are agents of WMU does not subject them to individual liability under ADA.[2]

---

[2] The alleged quote "are themselves employees" is not contained anywhere in Mr. Stanley's Original nor Second Amended Complaint, and appears to be incorrectly quoted by the district court in its Opinion. **RE 19, Page ID # 227.**

## SUMMARY OF THE ARGUMENT

**Challenge to Eleventh Amendment Immunity**: Mr. Stanley respectfully contends that the District Court misapplied Eleventh Amendment Immunity when it dismissed Mr. Stanley's claims against WMU and individual Defendants.   Mr. Stanley emphasizes the importance of ADA protections and argues for the viability of several of his claims, including, but not limited to, injunctive relief.  The district court fatally confused several legal issues related to Eleventh Amendment Immunity, resulting in a failure to make nuanced and particularized determinations as to each Eleventh Amendment issue (i.e., case law varies on: (1) a plaintiff's right to monetary relief from a State employer under Title I of the ADA, (2) a plaintiff's right to injunctive relief from a State employer under Title I, (3) a plaintiff's right to monetary relief from a State employer under Title V of the ADA, (4) a plaintiff's right to injunctive relief from a State employer under Title V, (5) a plaintiff's right to monetary relief from individual State officers under Title I, (6) a plaintiff's right to injunctive relief from individual State officers under Title I, (7) a plaintiff's right to monetary relief from individual State officers under Title V, and (8) a plaintiff's right to injunctive relief from individual State officers under Title V).

If the district court had made nuanced and particularized determinations as to each Eleventh Amendment issue, the court should have found that Mr. Stanley maintained viable claims under the ADA and PWDCRA, such as: injunctive relief

under Title I of the ADA against individual Defendants; monetary and injunctive relief under Title V of the ADA against all Defendants; and, monetary and injunctive relief under the PWDCRA against all Defendants.

**Scrutiny of Notice Requirement Application**: Mr. Stanley disputes the blanket dismissal of his State law claims due to non-compliance with the Michigan Court of Claims Notice requirement. Individual defendants should not be shielded by the Notice requirement. Mr. Stanley implores this Honorable Court for a more nuanced application of the law. Moreover, Mr. Stanley is not required to abide by the Court of Claims statute when seeking federal redress for State law claims—the Court of Claims statute applies to the State, not the Federal Government.

**Challenge of Denial to Amend Complaint**: Mr. Stanley disputes the district court's refusal to grant him leave to amend his Complaint, and contends that justice was not served. Mr. Stanley's amendments were not only appropriate, but necessary to address nuances related to Eleventh Amendment Immunity, the Court of Claims notice requirement, and *Ex parte Young* relief. Plaintiff respectfully requests that this Honorable Court remand with instructions to allow Plaintiff to amend his Complaint to seek injunctive relief and to make minor revisions.

# ARGUMENT

## I.  Whether the District Court erred in Dismissing Counts I, II, and III against Defendants' WMU, Warren Hills, and Katie DeCamp.

### A. Standard of Review

This Honorable Court typically reviews a district court's decision to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) *de novo*. *Howard v. Whitbeck*, 382 F.3d 633, 636 (6th Cir.  2004) (citing *Cob Clearinghouse Corp. v. Aetna U.S. Healthcare, Inc.*, 362 F.3d 877, 880 (6th Cir. 2004)).  However, when a defendant challenges subject matter jurisdiction by attacking the underlying jurisdictional facts, this Court reviews the district court's factual findings for clear error, and its application of the law to the facts *de novo*.  *Am. BioCare Inc. v. Howard & Howard Attys. PLLC*, 702 F. App'x 416, 418-19 (6th Cir. 2017).

Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks.  *Hawthorne-Burdine v. Oakland Univ.*, 158 F. Supp. 3d 586, 596 (E.D. Mich. 2016), *aff'd*, No. 16-1103, 2016 WL 11854487 (6th Cir. Nov. 3, 2016).  While a facial attack is a challenge to the sufficiency of the pleading itself, a factual attack challenges the factual existence of subject matter jurisdiction.  *Id.*  Where the Motion makes a facial attack, the court must construe the petition's allegations in the light most favorable to the non-moving party and take the material allegations as true.  *Id.*  Conversely, on a factual attack, there is no presumption of truthfulness applied to factual allegations, allowing the court to

"weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*

The district court found the Defendants asserted a facial attack on Mr. Stanley's Complaint for lack of subject-matter jurisdiction. Mr. Stanley agrees. Thus, in viewing the Complaint and factual allegations contained therein in the light most favorable to Mr. Stanley, and reviewing the district court's decision *de novo*, this Honorable Court will be left with an impression that contrary to the district court's finding: Mr. Stanley plead facts sufficient to withstand both a Motion to Dismiss under 12(b)(1) and 12(b)(6), and the changes sought by Mr. Stanley through his Proposed Amended Complaint were timely, necessary, and appropriate to cure any pleading defects.

**B. Whether the District Court Properly Applied Eleventh Amendment Immunity to Completely Immunize Defendants and Preclude Mr. Stanley from Seeking Relief against All Defendants.**

The Eleventh Amendment generally bars suits against a State or its agencies in federal court unless (1) the State consents to suit or (2) Congress abrogated states' immunity with respect to certain claims. *Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 681 (6th Cir. 2018). The state's Eleventh Amendment Immunity, however, is not absolute. *Block v. Canepa*, 74 F.4th 400, 404 (6th Cir. 2023); *Miller v. Rudd*, No. C2-97-317, 2001 U.S. Dist. LEXIS 25974, at *25 (S.D. Ohio Feb. 6, 2001). The *Ex parte Young* doctrine

constitutes an exception to Eleventh Amendment Immunity for claims for injunctive relief against individual state officials in their official capacities to end a continuing violation of law. *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013).

Congress validly abrogated the states' immunity under the ADA through 42 U.S.C. § 12202. Under this section of the ADA, "[a] State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in [a] Federal or State court of competent jurisdiction for a violation of this Act." 42 U.S.C. § 12202. Although the courts have limited § 12202 application for Title I of the ADA, the section has not been declared wholly unconstitutional and remains in effect for other chapters of the ADA. *See generally, Bd. of Trs. v. Garrett*, 531 U.S. 356, 121 S. Ct. 955, (2001) (preventing suits by private citizens against the State for monetary damages under Title I of the ADA); *Tennessee v. Lane*, 541 U.S. 509, 124 S. Ct. 1978 (2004) (upholding abrogation of Eleventh Amendment Immunity as applied to Title II of the ADA).

The seminal case of *Bd. of Trs. v. Garrett*, 531 U.S. 356, 121 S. Ct. 955, (2001) addresses the limited question of whether Congress' abrogation of Eleventh Amendment Immunity under 42 U.S.C. § 12202 was a valid exercise of legislative authority as applied to the State. The Court ultimately held that the Title I was unconstitutional only to the extent that it allowed private citizens to sue the State for money damages because such a legislative enactment would have essentially

allowed Congress to "rewrite the Fourteenth Amendment." *Id.* at 374. In other words, a State would have been required to guarantee more protections to those with disabilities than what is required under the Fourteenth Amendment. *Id.* The *Garrett* Court did not explicitly, nor implicitly, preclude *all* State liability under Title I, just monetary relief. *Id.* The Court also did not specifically address ADA Retaliation claims under 42 U.S.C. § 12203, nor did the Court address the question of injunctive relief related to those claims. To the contrary, *Garrett* held that "Title I of the ADA still prescribes standards applicable to the States," as the United States, for example, can sue the State for money damages under Title I. *Id.* at 374 n.9.

As such, the district court improperly applied *Garrett* to completely foreclose a Mr. Stanley's sought remedies against Defendants WMU, DeCamp, and Hills— far exceeding the breadth of *Garrett* and Eleventh Amendment Immunity. The district court's contention that a State has "immunity pursuant to the Eleventh Amendment from suit under the employment discrimination provisions of Title I of the ADA" is not a proper interpretation of *Garrett's* holding. *Garrett* only encapsulates the issue of *monetary* damages under Title I by private citizens, and explicitly states that a State can still be found liable for a violation of law under Title I. *Garrett*, 351 U.S. at 374 n.9. The cases cited by the district court to support its broad contention (*Swanson v. University of Cincinnati*, 268 F.3d 307, 313 (6th Cir. 2001) (affirming a district court's grant of the defendant's motion to dismiss a Title

I ADA claim seeking *monetary damages* from a public university in Ohio); *Mayers v. Campbell*, 87 F. App'x 467, 471 (6th Cir. 2003) (finding a plaintiff's request for *monetary relief* was barred by the Eleventh Amendment); and *Dillon-Barber v. Regents of the University of Michigan*, 51 F. App'x 946, 949 (6th Cir. 2002) ("states enjoy Eleventh Amendment immunity from suit in federal court for claims for *money damages* under [Title 1 of] the ADA")[3]), all stand for the proposition that *Garrett's* holding only extends to monetary damages under Title I of the ADA. None of the cited cases extend the decision to cover requests for injunctive relief under Title I, nor a plaintiff's request for monetary and/or injunctive relief under Title V. In the absence of binding decisions to the contrary, not only does Congress' valid abrogation of Eleventh Amendment Immunity still apply to Title V, the *Garrett* decision does not foreclose the idea that a State can be held liable for violations of Title I. In short, the state's immunity is not absolute.

Respectfully, the district court improperly employed *Garrett* and Eleventh Amendment Immunity to deny Mr. Stanley's *Ex parte Young* argument and his request for relief under ADA Title V. The district court supported its decision based

---

[3] It is worth noting that the plaintiff in *Dillon-Barber* asserted ADA discrimination and retaliation claims against a State university, similar to Mr. Stanley, but voluntarily abandoned her ADA claims just before oral argument. In the discussion of plaintiff's abandonment of her ADA claims, this Honorable Court indicated that "nothing in either [plaintiff's] complaint, her opposition to the motion for summary judgment, or her brief on appeal intimates that her ADA claims are brought other than under Title I of that statute, and *Garrett* therefore entirely governs those claims." *Dillon-Barber v. Regents of the Univ. of Mich.*, 51 F. App'x 946, 949 (6th Cir. 2002). This Court's statement underscores the limited applicability of *Garrett* on the ADA.

on a single, unpublished 2010 Kentucky case. *McCollum v. Owensboro Cmty. & Tech. Coll.*, No. 4:09CV-00121-M, 2010 U.S. Dist. LEXIS 135637 (W.D. Ky. Dec. 22, 2010). However, neither the Sixth Circuit nor the Supreme Court "[have] decided whether Title V of the ADA abrogates state sovereign immunity." *Cook v. Garner*, No. 19-5931, 2020 U.S. App. LEXIS 19024, at *8-9 (6th Cir. June 17, 2020); *see also McCollum,* at *7, "neither the United States Supreme Court nor the Sixth Circuit has confronted the issue of Eleventh Amendment immunity under Title V of the ADA." *McCollum* further acknowledges that courts have reached different results regarding the question of whether a Title V retaliation claim predicated on a violation of Title I is subject to immunity. *Id.* at *10.

The district court's reliance on *McCollum* is misguided, as the Supreme Court and this Honorable Court have held that antiretaliation claims and antidiscrimination claims require separate analyses, even if both claims involve the same underlying allegations. The case of *O'Donnell v. Univ. Hospital Cleveland Med. Ctr.* is instructive, and involved the same anti-retaliation provision of the ADA invoked by Mr. Stanley in the district court case. *O'Donnell v. Univ. Hosps. Cleveland Med. Ctr.*, 833 F. App'x 605 (6th Cir. 2020). In *O'Donnell*, the Sixth Circuit analyzed the relationship between the ADA § 12203 retaliation provision and the State disability law provisions (which were also analogous to the anti-retaliation provision of the Michigan PWDCRA, Mich. Comp. Laws § 37.1602). In *O'Donell*, the Court

reinforced that, "[t]he ADA and corresponding [State] disability law prohibit retaliatory actions against employees who oppose . . . conduct by employers that *allegedly* violates [the ADA and State disability statutes]. . . ." *O'Donnell v. Univ. Hosps. Cleveland Med. Ctr.*, 833 F. App'x 605, 620 (6th Cir. 2020) (emphasis added). This Court noted that "[a] retaliation claim is independent from and does not rise or fall with the success or failure of the underlying discrimination claim." *Id.* In support of this statement, this Court referenced the Supreme Court case of *Burlington Northern & Santa Fe Railway Co. v. White* to clarify that a plaintiff need only show that a reasonable employee would have found the challenged action "materially adverse."

In *Burlington N. & Santa Fe Ry. Co. v. White*, the Supreme Court addressed the relationship between the antiretaliation and antidiscrimination provisions of Title VII of the Civil Rights Act of 1984, which are synonymous with the ADA's Title I antidiscrimination and 42 U.S.C. § 12203 antiretaliation provisions. 548 U.S. 53, 126 S. Ct. 2405 (2006); *See* 42 U.S.C. § 2000e-3(a), 42 U.S.C. § 12203(a), and Mich. Comp. Laws § 37.1602. Title VII's antiretaliation provision, like the ADA's parallel § 12203 provision, forbids employer actions that "discriminate against" an employee because he has "opposed" a practice that Title VII forbids. *White*, 548 U.S. at 59. The Court in *White* concluded that Title VII's "substantive [discrimination] provision and its antiretaliation provision are not coterminous," and the scope of the

antiretaliation provision extended beyond workplace-related or employment-related retaliatory acts and harm. *Id.* at 67. The Court therefore rejected the standards applied by lower courts that treated the antiretaliation provision as forbidding the same conduct prohibited by the substantive antidiscrimination provision and that have limited actionable retaliation to so-called "ultimate employment decisions." *Id.* at 67.

Importantly, the Supreme Court also instructed:

> The antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm. As we have explained, the Courts of Appeals have used differing language to describe the level of seriousness to which this harm must rise before it becomes actionable retaliation. We agree with the formulation set forth by the Seventh and the District of Columbia Circuits. In our view, a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, "which in this context means it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'

*Id.* Mr. Stanley's Complaint contains factual allegations of harm and injury produced. Mr. Stanley contends that only after he made requests for a reasonable accommodation and advised WMU of their failure to follow the ADA, was he fired and trespassed from WMU property by Defendants. Mr. Stanley alleges a materially adverse employment injury that would dissuade a reasonable worker from making or supporting a charge of discrimination, which, had he not advocated for compliance with the ADA and requested an accommodation, would not have

18

occurred.  Mr. Stanley alleges, and supports with admissible evidence, that he lost his job simply for making a request and attempting to exercise his rights in a respectful and non-demanding manner.

While this Honorable Court and the Supreme Court have not applied *O'Donnell* or *White* to the question of whether the State has Eleventh Amendment immunity under Title V, these cases highlight the importance of maintaining a separate and distinct analysis of the discrimination and retaliation provisions beyond that elaborated in *McCollum*.  Further, although Eleventh Amendment immunity generally protects States from suit, the protection cannot be interpreted to grant the State an absolute right to disregard Title I—reading *Garrett* to extend Eleventh Amendment Immunity to Title V claims predicated on Title I violations would do just that.  In fact, this Honorable Court has cautioned against such a broad application of Eleventh Amendment Immunity, and *Garrett* even specified that a State may still be held liable for Title I violations.  Although the state's immunity is broad, "Eleventh Amendment immunity is not limitless."  *Block v. Canepa*, 74 F.4th 400, 404 (6th Cir. 2023).

The district court, respectfully, improperly extended *Garrett* to all of Mr. Stanley's claims and prayers for relief, without meaningful distinction as to the immunity's coverage nor to whether the immunity applies equally to all Defendants. The district court did not review the Complaint in a light most favorable to Mr.

Stanley. This resulted in the district court improperly prohibiting Mr. Stanley's request for an injunction under Title I against WMU, Hills, and DeCamp and injunction/monetary relief under 42 U.S.C. § 12203 against WMU, Hills, and DeCamp.

### C. Whether the District Court Properly Applied Eleventh Amendment Immunity to Individual Defendants Hills and DeCamp, Despite Individual Defendants Not Constituting the State Itself.

There is a well-established fiction of the *Ex parte Young* doctrine which "treats suits against state officers as 'not a suit against the state.'" *Proctor v. Bd. of Med.*, 718 F. App'x 325, 328 (6th Cir. 2017) (citing *Ex parte Young*, 209 U.S. 123, 154, 28 S. Ct. 441, 451 (1908) ). The doctrine limits Eleventh Amendment Immunity by carving an exception for state officers, allowing a private plaintiff to bring certain claims for injunctive relief, which would otherwise be barred by the Eleventh Amendment, against a state officer, rather than the State itself. *Crugher v. Prelesnik*, 761 F.3d 610 (6th Cir. 2014). There is a "well-recognized irony in *Ex parte Young*; unconstitutional conduct by a state officer may be 'state action' for purposes of the Fourteenth Amendment yet not attributable to the state for the purposes of the Eleventh." *Carten*, 282 F.3d at 396 (citing *Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 685, 102 S. Ct. 3304, (1982)). The *Ex parte Young* exception is based on a legal fiction that "a state official" who enforces a law "comes into conflict with the superior authority of [the] Constitution," and is therefore "stripped of his

official or representative character" and subjected to the consequences of his individual conduct. *Crugher*, 761 F.3d at 616.

The district court, respectfully, improperly conflated Hills and DeCamp with the State, precluding Mr. Stanley from seeking any relief under the ADA against those individuals. The district court blindly applied the Eleventh Amendment to prospectively eliminate any claim against state officers in their official state capacities, in explicit contravention of *Ex parte Young*. **RE 19, Page ID #227** ("[Mr. Stanley's Title I] claims would likewise be subject to dismissal under the immunity afforded by the Eleventh Amendment as to any official-capacity claims. . . ."). The district court notably did not support its statement with citation to any authority, and the statement contravenes the principle that a suit against a state officer is "not a suit against the State." *Proctor v. Bd. of Med.*, 718 F. App'x 325, 328 (6th Cir. 2017). By this point in the district court's opinion, the court had not yet evaluated Mr. Stanley's request for *Ex parte Young* relief on the merits, and instead dismissed the applicability of the doctrine at the outset.[4]

The district court's interpretation of Mr. Stanley's claims against Defendants DeCamp and Hills as claims against the State is against established law and distorts the contours of Eleventh Amendment Immunity. Demarcating DeCamp and Hills

---

[4] Mr. Stanley will defend his claim for *Ex parte Young* relief more fully in Section III of this brief. However, it must be noted that the district court's interpretation of *Ex parte Young* at the outset, respectfully, did not reflect established law.

as the State itself results in a failure to construe the allegations in the Complaint in the light most favorable to Mr. Stanley and improperly applies the law to Mr. Stanley's Complaint.

## II. Whether the District Court Erred in Dismissing Mr. Stanley's State Law Counts in their Entirety Because of Mr. Stanley's Failure to Comply with the Notice Requirement of Mich. Comp. Laws § 600.6431.

### A. Standard of Review

This Honorable Court reviews questions of law and statutory interpretation *de novo*. *United States v. Spinelle*, 41 F.3d 1056, 1057-58 (6th Cir. 1994); *Max Trucking, Ltd. Liab. Co. v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 799 (6th Cir. 2015).

### B. The Notice Requirement of Mich. Comp. Laws § 600.6431 Does Not Apply to Defendants Hills and DeCamp Because They Are Not the State.

The Michigan Court of Claims Act generally maintains the power to hear and determine claims against the State.  Mich. Comp. Laws § 600.6419.  Under the Notice provision of the Act, "a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies."  Mich. Comp. Laws § 600.6431.  The Court of Claims Act, in essence, "stands as this state's controlling legislative expression of waiver of the

state's sovereign immunity from direct action suit against it and its agencies and of their submission to the jurisdiction of a court." *Christie v. Wayne State Univ.*, 511 Mich. 39, 58, 993 N.W.2d 203, 213 (2023).

In his Complaint, Mr. Stanley raised two state law claims, one under the PWDCRA (part of Count II) and Intentional Infliction of Emotional Distress (Count III).[5]   The district court improperly dismissed Plaintiff's PWDCRA Count II and Count III against all Defendants based on Mr. Stanley's failure to file a Notice of Intent with the Michigan Court of Claims.  With regard to Hills and DeCamp, Mr. Stanley's state law counts should not have been dismissed for the simple, well-established fact that a suit against state officers in their "individual" capacity is not a suit against the State, and therefore, not subject to the Notice requirement of Mich. Comp. Laws § 600.6431.  *See Crugher*, 761 F.3d at 616; *Whitley v. Mich. Dep't of Corr.*, No. 1:22-cv-448, 2022 U.S. Dist. LEXIS 205549, at *7 (W.D. Mich. Aug. 8, 2022) ("Eleventh Amendment does not bar individual capacity claims against state officers.").  Not only does the plain language of section 6431 lack reference to State officials, *Ex parte Young* requires the Court to treat suits against state officers as "not a suit against the state." *Proctor v. Bd. of Med.*, 718 F. App'x 325, 328 (6th Cir. 2017) (citing *Ex parte Young*, 209 U.S. at 154).  Mr. Stanley's filed his Original and

---

[5] Count II also involved a parallel ADA claim, as the ADA contains a nearly identical enforcement mechanism as the Michigan PWDCRA for "retaliation."

Proposed Amended Complaint against Hills and DeCamp as state officials and in their individual capacities.  The Notice requirement, by its plain language applies only to claims "maintained against this state," and does not include mention of state officials, individuals, or the like.  Mich. Comp. Laws § 600.6431.  Notably, even section 6431 distinguishes between the "state" and its "departments," "arms," and/or "agencies," thus admitting a difference in treatment between the state itself and its instrumentalities.

Further, the district court's reliance on the recent cases of Ch*ristie v. Wayne State Univ.*, 511 Mich. 39, 993 N.W.2d 203 (2023) and *Elia Cos., LLC v. Univ. of Mich. Regents*, 511 Mich. 66, 993 N.W.2d 392 (2023) is, respectfully, misplaced as applied to individual Defendants.  *Christie* involved State law claims in State Circuit Court initiated only against the State (Wayne State University and University of Michigan Board of Regents, respectively), not any state officers.   For this reason alone, even if this Honorable Court finds that Mr. Stanley's failure to follow the Notice Requirement in Mich. Comp. Laws § 600.6431 precluded him suing WMU, the law does *not* apply with the same force to the individual Defendants, as they do not fall under the ambits of *Christie*, *Elia*, nor the language of Mich. Comp. Laws § 600.6431.  Again, because state officials are not the State itself, and thus, are not required to consent to suit.

### C. The Notice Requirement Does Not Apply to Claims Against WMU Filed in Federal Court.

The exclusive jurisdiction of the court identified in Mich. Comp. Laws § 600.6419 is necessarily limited by section 6440 of the Court of Claims Act. Mich. Comp. Laws § 600.6419(1). Mich. Comp. Laws § 600.6440 states that a claimant cannot file a claim against the State nor any "department" or "agency" thereof who has an adequate remedy in the federal courts. Mich. Comp. Laws § 600.6440.

Under 28 U.S. Code § 1367, unless a district court declines to exercise supplemental jurisdiction over a State Law claim, "in any civil action of which the district courts have original jurisdiction, the district courts *shall* have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367 (emphasis added). Supplemental jurisdiction exists whenever there is a claim "arising under" the Constitution and/or laws of the United States, and the relationship between that claim and the State claim permits the conclusion that the entire action before the court comprises but one constitutional case. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 1138 (1966). In other words, the cases must "derive from a common nucleus of operative fact." *Id.* If a plaintiff's claims, considered without regard to their federal or state character, are such that he would ordinarily be expected to try them all in one judicial proceeding,

then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole case. *Id.*

Mr. Stanley validly exercised his right to file this claim in federal court pursuant to Mich. Comp. Laws § 600.6419. Mr. Stanley's State law claims cannot be separated from his federal claims, as they are derived from the same common nucleus of operative fact—that Defendants WMU, Hills, DeCamp discriminated against Mr. Stanley and Retaliated against him for trying to lawfully avail himself of his rights under the ADA. Supplemental jurisdiction allows this Honorable Court to hear Plaintiff's cases under the PWDCRA and Michigan common law for intentional infliction of emotional distress, because he has an adequate remedy in the federal courts.

## III. Whether the District Court Erred in Denying Mr. Stanley's Leave to Amend His Complaint.

### A. Standard of Review

This Court typically reviews a district court's denial of a motion to amend under the abuse-of-discretion standard, unless the motion was denied because the amended pleading would not withstand a motion to dismiss, in which case the standard of review is *de novo*. *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018). The district court in this case denied Mr. Stanley's Motion to Amend based on "futility." Futility exists where "the pleading as amended could not withstand a motion to dismiss." *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 745 (6th

Cir. 1992) (internal quotation marks omitted). As such, the applicable standard of review in Mr. Stanley's case is *de novo*.

### B. Whether Mr. Stanley's Proposed Amendments to His Complaint to Elaborate on His Requested *Ex parte Young* Relief and Clarify the Roles of Individual Defendants were Futile.

To survive a Motion to Dismiss for failure to state a claim under 12(b)(6), the court is required to accept a plaintiff's allegations as true and "resolve every doubt in his favor." *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 489 (6th Cir. 1990). Under the *Iqbal* and *Twombly* pleading standards, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). A plaintiff's pleadings "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). When a plaintiff states "simply, concisely, and directly events that . . . entitle them to damages," the Federal rules require "no more to stave off threshold dismissal for want of an adequate statement." *Huang v. Presbyterian Church*, 346 F. Supp. 3d 961, 971 (E.D. Ky. 2018) (citing *Johnson v. City of Shelby*, 574 U.S. 10, 12, 135 S. Ct. 346, 347 (2014)).A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief." *Craighead*, 899 F.2d 485, 489 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957).

Under Fed R. Civ. P. 15, a party may either amend its pleading with the opposing party's written consent or the court's leave. Fed. R. Civ. P . 15(a)(2). When a party seeks the court's leave, the court should freely give leave when justice so requires. *Id*. Where the underlying facts would support a claim, leave to amend should be granted, unless in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility. *Duggins v. Steak 'N Shake, Inc*., 195 F.3d 828, 834 (6th Cir. 1999).

Mr. Stanley contends his Amended Complaint would have provided clarification and additional factual allegations to further support his claim for *Ex parte Young* relief, cure other minor deficiencies in the pleading, and would have ensured Mr. Stanley withstood a 12(b)(6) motion to dismiss. As noted in his Request for Leave to Amend, Mr. Stanley sought to provide a more complete factual basis for the claims asserted and to clarify his relief sought.   He included statements and facts which would make clear his request for "reinstatement" and identify relief "prospective in nature" to satisfy the *Ex parte Young* requirement. *Carten v. Kent State Univ.*, 282 F.3d 391, 396 (6th Cir. 2002); *see also Diaz v Michigan Dept of Corr*, 703 F3d 956, 964 (6th Cir. 2013).  This amendment would have clarified Mr.

Stanley's desire for injunctive or "equitable remedies," only briefly articulated in his Original Complaint.  Ultimately, Mr. Stanley seeks to cease the ongoing violation of law (Defendants' unlawful termination of Mr. Stanley's employment), based on his disability and his request for a reasonable accommodation.

The district court's explanations for denying Mr. Stanley's Request for Leave to Amend based on "futility" are as follows:

(1) "Plaintiff's proposed amendments do not change either this Court's determination as to Eleventh Amendment Immunity or the notice requirements of Michigan's Court of Claims Act." **RE 19, Page ID # 222.**

(2) "Plaintiffs proposed amendments to add monetary damages to Counts I and II are likewise futile." *Id.*

(3) Plaintiff's request to "seek an order enjoining Defendants from firing him and requiring that he be reinstated to his prior position" is "insufficient to state a claim for prospective injunctive relief under the *Ex parte Young* doctrine because *Ex parte Young* generally does not apply to States and their agencies, regardless of the relief sought, but only applies to actions commenced against state officials acting in their official capacities for prospective relief to end an ongoing violation of federal law" *Id.* **at 222-23.**

(4) "Plaintiff's proposed amendment does not identify an ongoing violation of federal law that can be enjoined as to either DeCamp or Hills, nor that they have the power to reinstate him." *Id.* **at 223.**

(5) "Plaintiff's proposed amendment that Defendants Hills, DeCamp, and the Doe Defendants 'acted as agents of WMU, and upon in formation and belief, maintained 15 or more employees each working day' is conclusory and is insufficient to allege individual liability under the ADA." *Id.*

In addressing the district courts first point, Mr. Stanley reincorporates his arguments from this Brief to support the contention that Eleventh Amendment

Immunity was applied improperly in Mr. Stanley's case to indiscriminately eliminate all named Defendants and all Claims in his case and his arguments regarding applicability of the Notice Requirement.

Regarding the district court's second point, Mr. Stanley is perplexed as to why the district court stated he added "monetary damages" to Counts I in his Amended Complaint.  For Count I, Mr. Stanley explicitly added a request in his Amended Complaint for injunctive relief ("reinstatement") and removed his original request for monetary damages. ***Plaintiff's Exhibit 2 – Proposed First Amended Complaint, RE 17-2, Page ID # 204-05, ¶¶46-49.***  For Count II, although Mr. Stanley reincorporated his original request for monetary damages, he also added a request for injunctive relief to "Enjoin Defendants from firing Mr. Stanley" and "Reinstate Mr. Stanley to his prior position as a utility food worker at WMU." ***Id.* at Page ID # 205, ¶¶56-57.**  Mr. Stanley's request for monetary damages was simply carried over from the Original Complaint, and are permissible requests under the ADA and PWDCRA, both of which are part of Count II. ***Id.* at Page ID #205, ¶50-52.**

Regarding the district court's third point, Mr. Stanley's Complaint was made against the State (WMU) and State officials (Hills, DeCamp) and the Proposed Amended Complaint specifically clarifies that Mr. Stanley sought to sue Hills and DeCamp in both their "individual" and "official" capacity. ***Id.* at Page ID #199**. Mr. Stanley Amended Complaint sought to enjoin "Defendants," including the Vice

President of Human Resources and the Supervisor of Dining Services, from firing Mr. Stanley. He also alleged an ongoing violation of federal law—"firing him for simply exercising his rights under the ADA and PWDCRA when making reasonable request for an accommodation based in alternative method for clocking in and for the use of his service animal." *Id.* **at Page ID #205, ¶52.** Mr. Stanley's termination is ongoing. Thus, Mr. Stanley's Proposed Amended Complaint addressed all points identified by the district court as allegedly being required to state a claim for *Ex parte Young* relief.

Regarding the district court's fourth point, Mr. Stanley strongly disagrees and emphasizes his requested Amendments would have clarified this issue. Mr. Stanley's Original Complaint contemplated and included a request for "equitable remedies," and his proposed Amended Complaint further details a specific request for "injunctive relief" in the form of "reinstatement," an established form of prospective injunctive relief appropriate under *Ex parte Young*. **RE 1, Page ID # 6, ¶49; RE 17-2, ¶ 47, 56, 57;** *Carten v. Kent State Univ.*, 282 F.3d 391, 396 (6th Cir. 2002) ("Reinstatement" is "prospective in nature and an appropriate subject for *Ex parte Young* actions."); *see also Diaz v Michigan Dept of Corr*, 703 F3d 956, 964 (6th Cir. 2013). Further, Mr. Stanley never completely foreclosed the idea of non-monetary remedies in his Original Complaint, and thus, the district court's statement is misguided. To argue Mr. Stanley did not include "prospective relief" in his

Response is inaccurate, as he *did* request it through his "Request for Leave to Amend Complaint," which was filed simultaneously with his Response. Further, as mentioned before, Mr. Stanley identified an ongoing violation of federal law, and elaborated on that ongoing violation on his Amended Complaint. Mr. Stanley has alleged he was fired in violation of law, as he was retaliated against by Defendants for seeking a reasonable accommodation under the ADA—Mr. Stanley's termination is ongoing. Lastly, the question of Mr. Hills and Ms. DeCamp's power to reinstate is not a jurisdictional issue, and is more appropriately addressed through discovery. Mr. Stanley identified Defendants Hills and DeCamp as individuals as maintaining 15 or more employees each working day (to satisfy the definition of "employer" under the ADA, as detailed below in this Brief). Mr. Hills, the Vice President of Human Resources, the department presumably tasked with the hiring, administration, and training of WMU personnel, and Ms. DeCamp, the Head Supervisor of Dining Services, the department employing Mr. Stanley, presumably had the power to reinstate. **RE-17, Page ID # 200, ¶¶3.** *See also* **¶¶ 26, 28-33, 35**. As such, the changes in his Proposed Amended Complaint address all issues the district court raised.

Regarding the district court's fifth point, the definition of "employer" under Title I of the ADA is simple. An employer is a "*person* engaged in an industry affecting commerce who has *15 or more employees* for each working day in each of

20 or more calendar weeks in the current or proceeding calendar year, and *any agent of such person. . . .*" 42 U.S.C. § 12111(5)(a).  There is no definition of supervisor under the ADA, and the district court does not point to any such definition or standard to determine Hills and DeCamp were Mr. Stanley's supervisors (notably, Mr. Stanley does not claim they are his direct supervisors).

The *Hawthorne-Burdine* case supports the fact an individual Department Head or Agent thereof can be an employer.  The *Hawthorne-Burdine* plaintiff only named an "eclectic" group of defendants who never directly supervised plaintiff, including the "Board of Trustees, past and current university presidents, chiefs of the police department, fellow professors, administrative staff, and even a former student." *Hawthorne-Burdine*, 158 F. Supp. 3d at 601.  The *Hawthorne* plaintiff plead no facts to indicate any of these individuals had "15 or more employees" (which is present in Mr. Stanley's Amended Complaint), much less that plaintiff was one of them.  *Id.*

Further, Mr. Stanley did not allege Defendants Hills and DeCamp were employees of the university, despite the district court citing to a purported quote in Mr. Stanley's complaint not actually contained in either his Original or Proposed Amended Complaint.  Mr. Stanley did indicate Hills and DeCamp acted as agents of WMU, he specifically did not use the term "employees."  Mr. Stanley described Ms. DeCamp's role in discriminating and inflicting emotional distress upon Plaintiff by

acting as WMU's agents to fire him based on his request for a reasonable accommodation. **RE 19, Page ID #6, ¶42**. Defendant Hills' retaliatory conduct includes calling Public Safety on Mr. Stanley after he arrived on campus to discuss his employment. As Defendant Hills is the Vice President of Human Resources, the entity directly tied to employment with Dining Services and other WMU Departments, Hills' and DeCamp's actions, taken in their official capacity, subject them to liability under the ADA.

Each of the district courts cited reasons for denying Mr. Stanley's Request for Leave to Amend his Complaint are profoundly flawed. As such, Mr. Stanley seeks reversal of the district court's decision denying his Request for Leave to Amend the Complaint.

## CONCLUSION

Mr. Stanley requests that this Honorable Court reverse the district court's grant of Defendants' Motion to Dismiss and remand this case to the lower court for further proceedings.

Respectfully submitted,

Eric D. Delaporte (P69673)
Delaporte Lynch, PLLC
210 State St., Suite B
Mason, MI 48854
(517) 999-2626
Eric@DelaporteLynch.com

## CERTIFICATE OF COMPLIANCE

The present brief is double spaced, in proportionally spaced, Times new Roman, 14-point font.  The word count from the Statement in Support of Oral Argument section through the Argument section contains eight thousand and five (8,005) words, in compliance with Federal Rule of Appellate Procedure 32(a)(7). This page and word count calculation was made on Microsoft Word for Mac, Version 16.79.2.


Dated: December 11, 2023                Respectfully submitted,


Eric D. Delaporte (P69673)
Delaporte Lynch, PLLC
210 State St., Suite B
Mason, MI 48854
(517) 999-2626
Eric@DelaporteLynch.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2023, I filed a copy of Appellant Benjamin Stanley's Brief through the Court's Electronic Case Filing (ECF) System.  As such, Notice of this filing will be sent to the counsel of record for all Defendants registered with the Court's ECF System.

Dated: December 11, 2023                    Respectfully submitted,

Eric D. Delaporte (P69673)
Delaporte Lynch, PLLC
210 State St., Suite B
Mason, MI 48854
(517) 999-2626
Eric@DelaporteLynch.com

**ADDENDUM**

| Document | Filing Number | Page ID Range |
| --- | --- | --- |
| Complaint | RE 1 | Page ID # 1-8 |
| Defendants WMU, DeCamp, and Hills' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) | RE 16 | Page ID # 50-76 |
| Plaintiff's Response in Opposition to Defendants' Motion to Dismiss and Request for Relief to Amend Complaint | RE 17 | Page ID # 164-182 |
| Plaintiff's Exhibit 2 – Proposed First Amended Complaint | RE 17-2 | Page ID # 198-207 |
| Order Dismissing Counts I, II, and III against WMU, DeCamp, Hills, and Unknown John Doe and Jane Doe Employees | RE 22 | Page ID # 240 |
| Order Dismissing Unknown John Doe and Jane Doe Employees | RE 23 | Page ID # 241 |