No. 23-1808

_____

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

_____

BENJAMIN STANLEY,
*Plaintiff–Appellant*,

*v.*

WESTERN MICHIGAN UNIVERSITY,
WARREN HILLS,
UNKNOWN PARTIES, AND
KATIE DECAMP,
*Defendants–Appellees.*

_____

On Appeal from the Western District of Michigan
HON. JANE M. BECKERING
No. 1:23-cv-00206

_____

**BRIEF FOR APPELLEE
WESTERN MICHIGAN UNIVERSITY,
WARREN HILLS, AND KATIE DECAMP**

Daniel B. Tukel
Joseph E. Richotte
Butzel Long, P.C.
201 W. Big Beaver Rd. #1200
Troy, MI  48084
(248) 258-1616
tukel@butzel.com
richotte@butzel.com

## CORPORATE DISCLOSURES

Western Michigan University is an institution of Michigan state government. Mich. Const., Art. VIII, §5 (1963).  A corporate disclosure is not required for this appellee.  Rule 26.1(a) (CA6 2022).

Warren Hills is a natural person.  He is not a subsidiary or affiliate of a publicly owned corporation, and he is aware of no publicly owned corporation, not party to the appeal, having a financial interest in the outcome of this appeal.

Katie DeCamp is a natural person.  She is not a subsidiary or affiliate of a publicly owned corporation, and he is aware of no publicly owned corporation, not party to the appeal, having a financial interest in the outcome of this appeal.

# TABLE OF CONTENTS

CORPORATE DISCLOSURES ...................................................... 2

INDEX OF AUTHORITIES .......................................................... 5

STATEMENT ON ORAL ARGUMENT ............................................. 11

JURISDICTION .......................................................................... 11

STATEMENT OF ISSUES ............................................................ 14

STATEMENT OF THE CASE ........................................................ 14

STANDARDS OF REVIEW ........................................................... 16

SUMMARY OF ARGUMENT ......................................................... 16

ARGUMENT ............................................................................... 18

I.      *Count 1*:  The district court correctly dismissed on
         Stanley's claim for disability discrimination under Title I of
         the ADA and correctly declined leave to amend for futility ............. 18

         A.      WMU ..................................................................... 18

         B.      DeCamp and Hills ................................................... 20

II.     *Count 2*:  The district court correctly granted summary
         judgment on Stanley's claim for retaliation under Title V of
         the ADA and correctly declined leave to amend for futility ............. 25

         A.      WMU ..................................................................... 25

         B.      DeCamp and Hills ................................................... 27

III.    *Counts 2–3*:  The district court correctly dismissed
         Stanley's state law claims for failure to comply with the
         statutory notice required as a condition precedent to the
         waiver of sovereign immunity under state law ................................ 28

         A.      WMU ..................................................................... 28

         B.      DeCamp and Hills ................................................... 30

CONCLUSION ..............................................................................33

CERTIFICATE OF COMPLIANCE ...............................................34

PROOF OF SERVICE ..................................................................35

ADDENDUM ..............................................................................36

# INDEX OF AUTHORITIES

## *Cases*

*Auditor Gen. v. Regents of the Univ.*,
83 Mich. 467 (1890) ................................................. 19

*Benzie v. Western Mich. Univ.*,
19 F. Appx. 360 (CA6 2001)........................................ 19

*Board of Trustees of the Univ. of Ala. v. Garrett*,
531 U.S. 356 (2001) ............................................ 18, 19

*Browder v Director, Dept. of Corrs. of Ill.*,
434 U.S. 257 (1978) ................................................. 12

*Brown Jug, Inc. v. Cincinnati Ins. Co.*,
27 F.4th 398 (CA6 2022) ........................................... 31

*Carten v. Kent State Univ.*,
282 F.3d 391 (CA6 2002)........................................... 23

*Chiesa v. New York State Dept. of Labor*,
638 F. Supp. 2d 316 (NDNY 2009) ................................. 26

*Christie v. Wayne State Univ.*,
511 Mich. 39 (2023)........................................ 28, 29, 30

*Clark v. National Travelers Life Ins. Co.*,
518 F.2d 1167 (CA6 1975)........................................... 20

*Cook v. Garner*,
No. 19-5931; 2020 Lexis 19024 (CA6, Jun. 17, 2020) ................ 26

*Crawford v. Lexington-Fayette Urban Co Govt.*,
No. 06-cv-299; 2007 Lexis 2567 (ED Ky., Jan. 9, 2007)............... 30

*Criswell v. Wayne Cty.*,
165 F.3d 26 (Table); 1998 Lexis 21492 (CA6, Aug. 27, 1998) ...................... 30

*Demby v. Maryland Dept. of Health & Mental Hygiene*,
No. 06-cv-1816; 2009 Lexis 12619 (D Md., Feb. 13, 2009) ........................... 27

*Demshki v. Monteith,*
    255 F.3d 986 (CA9 2001) ...................................................................... 25, 26

*Dugger v. Stephen F. Austin State Univ.,*
    232 F. Supp. 3d 938 (ED Tex. 2017) ............................................................ 26

*Edelman v. Jordan,*
    415 U.S. 651 (1974)............................................................................ 22

*EEOC v. AIC Sec. Investigations, Ltd.,*
    55 F.3d 1276 (CA7 1995)...................................................................... 21

*Erie R. Co. v. Thompkins,*
    304 U.S. 64 (1938) ............................................................................ 29

*Estate of Ritter v. University of Mich.,*
    851 F.2d 846 (CA6 1988) ...................................................................... 19

*Ex parte Young,*
    209 U.S. 123 (1908) ........................................................................... 23

*FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.,*
    498 U.S. 269 (1991) ........................................................................... 13

*Hannay v. Michigan Dept. of Transp.,*
    497 Mich. 45 (2014) ........................................................................... 30

*Hawthorne-Burdine v. Oakland Univ.,*
    158 F. Supp. 3d 586 (ED Mich. 2016) ........................................................ 22

*Hile v. Michigan,*
    86 F.4th 269 (CA6 2023) ...................................................................... 16

*Hiler v. Brown,*
    177 F.3d 542 (CA6 1999)...................................................................... 21

*Kreipke v. Wayne State Univ.,*
    807 F.3d 768 (CA6 2015)................................................................... 19, 28

*Lewis v. Clarke,*
    581 U.S. 155 (2017)........................................................................... 18

*Lillard v. Shelby Cty. Bd. of Educ.*,
    76 F.3d 716 (CA6 1996) ................................................................. 23

*Longstreet v. Mecosta Cty.*,
    228 Mich. 542 (1924) ................................................................... 31

*Manrique v United States*,
    518 U.S. 116 (2017) ..................................................................... 13

*Martinez v. California*,
    444 U.S. 277 (1980) ..................................................................... 30

*Mason v. Stallings*,
    82 F.3d 1007 (CA11 1997) ........................................................... 21

*McCollum v. Owensboro Cmty. & Tech. Coll.*,
    No. 4:09-cv-00212; 2010 Lexis 135637 (WD Ky., Dec. 22, 2010) ................ 26

*McDowell v. Warden of Ionia Reformatory*,
    169 Mich. 332 (1912) ................................................................... 31

*McKenzie v. Michigan Dept. of Corrections*,
    332 Mich. App. 289 (2020) ........................................................... 29

*Musson Theatrical v. Federal Express Corp.*,
    89 F.3d 1244 (CA6 1996) ....................................................... 32, 33

*Office Planning Gp., Inc. v. Baraga-Houghton-Keweenaw Child Dev. Bd.*,
    472 Mich. 479 (2005) ................................................................... 29

*Ortiz v. Long*,
    2023 Lexis 113439 (WD Tenn., May 24, 2023) ............................. 22

*Pike v. Northern Mich. Univ.*,
    327 Mich. App. 683 (2019) ........................................................... 31

*Pomeroy v. Western Mich. Univ.*,
    5 F. Appx. 437 (CA6 2001) ........................................................... 19

*Pritchard v. Southern Co. Servs.*,
    102 F.3d 1118 (CA11 1996) ......................................................... 21

*Puckett v. Lexington-Fayette Urban Cty. Govt.*,
 833 F.3d 590 (CA6 2016) ................................................................. 16

*Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*,
 506 U.S. 139 (1993) .................................................................. 19, 27

*Riley v. Kennedy*,
 553 U.S. 406 (2008) ....................................................................... 12

*Roberts v. Auto-Owners Ins. Co.*,
 422 Mich. 594 (1985) ..................................................................... 32

*Roberts v. Pennsylvania Dept. of Pub. Welfare*,
 199 F. Supp. 2d 249, 253–254 (ED Penn. 2002) ............................... 27

*Russell v. Tennessee Dept. of Corrections*,
 99 F. Appx. 575 (CA6 2004) ........................................................... 20

*Sarkissian v. West Va. Univ. Bd. of Governors*,
 No. 1:05-cv-144; 2007 Lexis 32881 (ND W.Va., May 3, 2007) ......... 27

*Smith v. Lomax*,
 45 F.3d 402 (CA11 1995) ................................................................ 21

*Swain v. Morse*,
 332 Mich. App. 510 (2020) ............................................................. 32

*Swanson v. University of Cincinnati*,
 268 F.3d 307 (CA6 2001) ................................................................ 19

*Taylor v. City of Akron*,
 No. 5:13-cv-1635; 2013 Lexis 143466 (ND Ohio, Oct. 3, 2013) ....... 22

*Taylor v. University of Mich.*,
 2018 Lexis 42749 (ED Mich., Feb. 23, 2018) ................................... 26

*Thelen v. Marc's Big Boy Corp.*,
 64 F.3d 264 (CA7 1995) ................................................................. 21

*Thomas M. Cooley Law Sch. v. Kurzon Strauss, LLP*,
 759 F.3d 522 (CA6 2014) ................................................................ 28

*Tocco v. Piersante*,
    58 Mich. App. 616 (1976) ................................................................. 31

*Tomka v. Seiler Corp.*,
    66 F.3d 1295 (CA2 1995)................................................................. 21

*United States ex rel. Awad v. Chrysler Gp., LLC*,
    571 F. Appx. 366 (CA6 2014) ......................................................... 31

*Wall v. Michigan Rental*,
    852 F.3d 492 (CA6 2017)................................................................. 25

*Wathen v. General Elec. Co.*,
    115 F.3d 400 (CA6 1997)............................................................ 21, 22

*WCI, Inc. v. Ohio Dept. of Pub. Safety*,
    18 F.4th 509 (CA6 2021) ................................................................. 23

*Western Mich. Univ. Bd. of Control v. Michigan*,
    455 Mich. 531 (1997)....................................................................... 19

*Western Penn. Nat. Bank v. Ross*,
    345 F.2d 525 (CA6 1965)................................................................. 30

**Statutes**

28 U.S.C. §1291 ..................................................................................... 12

28 U.S.C. §1294 ..................................................................................... 12

28 U.S.C. §1367 ..................................................................................... 32

28 U.S.C. §2107 ..................................................................................... 12

28 U.S.C. §41 ......................................................................................... 12

42 U.S.C. §12111 ................................................................................... 21

42 U.S.C. §12112 ................................................................................... 21

42 U.S.C. §2000e.................................................................................... 21

Mich. Comp. Laws §600.6419................................................................ 29

Mich. Comp. Laws §600.6421 ............................................................... 29

Mich. Comp. Laws §600.6431 ............................................................... 28

Mich. Comp. Laws §600.6440 ............................................................... 29

Mich. Comp. Laws §691.1407 ......................................................... 30, 31

### *Rules*

Fed. Rule App. Proc. 4 .................................................................... 12, 13

Mich. Ct. Rule 7.215 ............................................................................ 31

## STATEMENT ON ORAL ARGUMENT

The issues presented are straightforward questions of law involving well-established doctrines of sovereign immunity under the Eleventh Amendment and the Constitution of the State of Michigan.  Defendants do not believe oral argument would assist the Court in conducting appellate review.  Should, however, the Court desire argument or honor Plaintiff's request for argument, Defendants join in the request to preserve their right to participate in the argument.

## JURISDICTION

1.    **District court.**  Plaintiff Benjamin Stanley invoked the district court's federal-question jurisdiction under 28 U.S.C. §1331 by pleading claims arising under the Americans with Disabilities Act ("ADA").  Compl., R.1, PageID.6–7, at ¶¶30–40.  He also invoked the district court's supplemental jurisdiction under 28 U.S.C. §1367(a) by pleading related claims arising under state law.  Compl., R.1, PageID.6, at ¶¶38–45.

The district court properly declined to exercise federal-question jurisdiction over the ADA claims against Defendant Western Michigan University ("WMU") and Defendants Warren Hills and Katie DeCamp in their official capacities because each defendant enjoyed immunity from suit under the Eleventh Amendment.  Order, R.19, PageID.224–227.  The district court properly exercised federal-question jurisdiction over the ADA claims against Hills and DeCamp in their individual capacities, and it correctly dismissed those claims because there is no basis for individual liability under the ADA.  *Id.*, at PageID.227–228.

– 12 –

The district court properly dismissed Stanley's state-law claims because he failed to comply with strict statutory notice requirements that are conditions precedent to the state's waiver of sovereign immunity under state law.  *Id.*, at 228–229.

2.    **Court of Appeals.**  Appellees respectfully submit that the Court lacks jurisdiction to hear this appeal.  The Court has jurisdiction over an appeal from a final decision of a district court within this Circuit when a notice of appeal is filed within 30 days after entry of the final decision.  28 U.S.C. §1291 (appellate jurisdiction lies from final decisions of the district courts); 28 U.S.C. §1294(1) (appeals must be taken to the appellate circuit with territorial jurisdiction over the district); 28 U.S.C. §41 (establishing the territorial jurisdiction of the appellate circuits); 28 U.S.C. §2107(a) (establishing 30-day limit within which to appeal); Fed. Rule App. Proc. 4(a)(1)(A) (restating the 30-day limit); *Browder v Director, Dept. of Corrs. of Ill.*, 434 U.S. 257, 264 (1978) (holding that the 30-day limit is jurisdictional).  "A final judgment is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *Riley v. Kennedy*, 553 U.S. 406, 419 (2008) (quotation and citation omitted).

Stanley sued WMU, Hills, DeCamp, and an unknown number of John and Jane Doe defendants.  Compl., R.1, PageID.1.  The district court dismissed WMU, Hills, and DeCamp with prejudice on August 7, 2023, but it gave Stanley until August 21, 2023, to show cause why the court should not dismiss the Doe defendants without prejudice.  Order, R.19, PageID.235.  Stanley took no action to show cause by that deadline.  He instead filed a notice of appeal "against all named

Defendants" on September 5, 2023.  Notice, R.20, PageID.236.  There was no final judgment or order when Stanley noticed his appeal on September 5, 2023.  This prompted the district court to enter an order dismissing the Doe defendants without prejudice, Order, R.22, PageID.240, at n.1, and a final judgment, Judgment, R.23, PageID.241.  Stanley did not file an amended notice of appeal after entry of the judgment.

Appellees acknowledge that an aggrieved party may file an early notice of appeal in the interval between a district court's bench ruling and entry of the judgment.  Fed. Rule App. Proc. 4(a)(2).  In such cases, the notice is treated as filed on the date of and after the entry.  *Ibid.*  The purpose is to give effect to premature notices entered between an oral ruling from the bench and the reduction of that ruling to a written judgment.  See *Manrique v United States*, 518 U.S. 116, 120 (2017) ("Rule 4 contemplate[s] that the defendant will file the notice of appeal *after* the district court has decided the issue sought to be appealed." (emphasis in original)); *FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.*, 498 U.S. 269, 274–275 (1991) (holding that Rule 4(a)(2) "permits a premature notice of appeal from [a] bench ruling to relate forward to judgment and serve as an effective notice of appeal from the final judgment." (emphasis removed)).

Here, however, there was no oral ruling from the bench.  There was a written order partially dismissing the claims against the named defendants and directing Stanley to show cause why the claims against the Doe defendants should not be dismissed.  The order to show cause may have presaged an intent to dismiss the Doe defendants without prejudice, *but it did not order* them dismissed.  Because there

was no ruling that could trigger the safe harbor afforded by Rule 4(a)(2), the notice of appeal did not properly invoke the jurisdiction of this Court.  More than 30 days have passed since the district court entered its final judgment, making it too late for Stanley to file an amended notice of appeal.  The Court should therefore dismiss this appeal for want of jurisdiction.

## STATEMENT OF ISSUES

If the Court has jurisdiction over this appeal, see Jurisdiction, *supra*, then these are the issues presented for appeal:

1.      Did the district court correctly dismiss Stanley's ADA claims against the University under the Eleventh Amendment?

2.      Did the district court correct dismiss Stanley's state law claims against the University under state law sovereign immunity for failure to comply with the mandatory condition precedent to a waiver of immunity under state law?

3.      Did the district court correctly dismiss Stanley's state law claim against DeCamp and Halls?

4.      Did the district court correctly deny leave to file the proposed amended complaint for futility?

## STATEMENT OF THE CASE

Benjamin Stanley worked as a utility food worker in a University dining hall for just 31 days.  See Compl., R.1, PageID.2–5, at ¶¶10, 21, 24, 28; Motion, R.16, PageID.16.  This was a union job governed by a collective bargaining agreement. Motion, R.16, PageID.16.  The University terminated Stanley during his

probationary period because of an unsatisfactory performance review occasioned by excessive tardiness and a failure to follow proper clocking-in procedure.  Compl., R.1, PageID.3–4, at ¶¶12, 15, 21–22; Motion, R.16, PageID.16.

Stanley sued the University for disability discrimination under the ADA and for retaliation and intimidation under the Americans with Disabilities Act ("ADA") and the Michigan Persons With Disabilities Civil Rights Act ("PWDCRA"), claiming that he was fired after requesting an alternate method for clocking into work and for use of a service dog.  Compl., R.1, PageID.5–6, at ¶¶33–40.  He also sued the University, Associate Director of Valley Dining Center Katie DeCamp, and Associate Vice President of Human Resources Warren Hills for intentional infliction of emotional distress over the alleged retaliation.  Compl., R.1, PageID.6, at ¶¶41–45.  Stanley also sued an unknown number of John and Jane Doe employees of the University, who were never identified or served.  Compl., R.1, PageID.1; First Order, R.19, PageID.234–235; Second Order, R.22, PageID.240.

On Defendants' motion challenging subject-matter jurisdiction, the district court dismissed the ADA and PWDCRA claims against the University under the Eleventh Amendment and dismissed the state law emotional-distress claim under Michigan's state sovereign immunity doctrine for failure to comply with a statutory condition precedent to waiving immunity from suit.  First Order, R.19, PageID.224–230.  The court also denied Stanley leave to file an amended complaint, finding that the proposed amendments would be futile.  *Id.*, at PageID.230–233.  Stanley was given 14 days to show cause why the entire action should not be dismissed without prejudice as to the Doe defendants for failure to complete service and want

of prosecution.  *Id.*, at PageID.234–235.  Stanley did not show cause; instead, he prematurely filed a notice of appeal before entry of a final judgment, which prompted the district court to enter an order dismissing the Doe defendants without prejudice and a final judgment in favor of the University, DeCamp, and Hills.  Notice of Appeal, R.20, PageID.236; Second Order, R.22, PageID.240; Judgment, R.23, PageID.241.  Stanley did not file a new or an amended notice of appeal after entry of the final judgment.  See Jurisdiction, *supra*, at 12–14 (explaining why that means this Court lacks appellate jurisdiction over this appeal).

## STANDARDS OF REVIEW

The Court reviews orders of dismissal *de novo*.  *Hile v. Michigan*, 86 F.4th 269, 273 (CA6 2023).  The existence of sovereign immunity is a question of law that is also reviewed *de novo*.  *Puckett v. Lexington-Fayette Urban Cty. Govt.*, 833 F.3d 590, 598 (CA6 2016).

The Court reviews a district court's decision to deny a plaintiff's motion to amend his complaint for abuse of discretion, except where, as here, the decision rests on the conclusion that the proposed amendment would be futile.  *Id.*, at 610.  In such cases, the Court applies a *de novo* standard of review.  *Ibid.*

## SUMMARY OF ARGUMENT

For the reasons argued in the Jurisdiction section, *supra*, this Court lacks jurisdiction over the appeal because Stanley appealed from an interlocutory order and did not file a new or amended notice of appeal from the final order.  It is too late for him to cure that jurisdictional defect.  Should the Court determine,

however, that it has jurisdiction to hear this appeal, then it should affirm in full.

The district court correctly dismissed Stanley's disability discrimination and retaliation claims under the ADA. Those claims were made only against the University, and it enjoys Eleventh Amendment immunity from suit for such claims.

The district court also correctly dismissed Stanley's claim for retaliation and intimidation under the PWDCRA, also made only against the University. Although the Michigan Legislature has waived sovereign immunity from liability on such claims under state law, it has conditioned its waiver of sovereign immunity *from suit* on such claims upon compliance with a strict statutory notice requirement. Stanley did not comply with that requirement, so the University's immunity from suit under state law remained intact.

Stanley challenges the dismissal of his intentional inflection of emotional distress claim against DeCamp and Hills based on a forfeit legal argument that was not raised below and should not be entertained on appeal. That aside, it is unclear whether he sued them in their official or individual capacities. If the claim is against DeCamp and Hills in their official capacities, then the state law claim is treated under state law as a claim against the state and the claim would be barred for the same failure to comply with the notice requirement. It would also be barred under state sovereign immunity and governmental immunity under the Michigan Governmental Tort Liability Act. If the claim is against DeCamp and Hills in their individual capacities, the court lacked supplemental jurisdiction because the federal claims were dismissed. Even if it could entertain the claim, the operative complaint fails to state a plausible claim upon which relief can be granted.

Finally, the district court properly denied Stanley leave to file his proffered amended complaint.  Nothing in the proposed complaint would overcome the Eleventh Amendment bar against the University.  While he claims that the proposed complaint would add ADA claims against DeCamp and Hills under the *Ex parte Young* exception to the Eleventh Amendment, (*a*) the proposed complaint does not actually add them to the ADA counts; and (*b*) he has not proffered a plausibly pleaded *Ex parte Young* claim.

## ARGUMENT

I.  <u>Count 1</u>:  **The district court correctly dismissed on Stanley's claim for disability discrimination under Title I of the ADA and correctly declined leave to amend for futility.**

Stanley sued the University for allegedly discriminating against him on the basis of a disability under Title I of the ADA, in violation of 42 U.S.C. §12112.  Compl., R.1, PageID.5, at ¶34.  The district court correctly dismissed the claim as barred by Eleventh Amendment immunity.  First Order, R.19, PageID.224–227.  Although the operative complaint did not name DeCamp or Hills as parties to this claim or allege any facts as to them, the district court also determined that Stanley's proposed amendment would not state a viable claim against them, either.  *Id.*, at PageID.227–228.

**A.    WMU.**  States are immune from suit under the Eleventh Amendment for ADA Title I claims.  *Board of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001).  Arms and instrumentalities of a state enjoy the same sovereign immunity as a state under the Eleventh Amendment.  *Lewis v. Clarke*, 581 U.S. 155, 162 (2017).  The University is chartered directly under the Constitution of the

State of Michigan, Mich. Const., Art. VIII, §4, and is considered "organically part of the state government[.]" *Auditor Gen. v. Regents of the Univ.*, 83 Mich. 467 (1890). See also *Western Mich. Univ. Bd. of Control v. Michigan*, 455 Mich. 531, 540 (1997) (reaffirming that "[s]tate universities are clearly a part of state government in Michigan."). Like its sister universities, Western Michigan University is an instrumentality of the state and shares the state's sovereign immunity. *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 775–776 (CA6 2015); *Estate of Ritter v. University of Mich.*, 851 F.2d 846, 850–851 (CA6 1988); *Pomeroy v. Western Mich. Univ.*, 5 F. Appx. 437, 438 (CA6 2001). Thus, the Eleventh Amendment bars Stanley's discrimination claim under the ADA. *Swanson v. University of Cincinnati*, 268 F.3d 307, 313 (CA6 2001); *Benzie v. Western Mich. Univ.*, 19 F. Appx. 360, 361 (CA6 2001); *Pomeroy*, 5 F. Appx., at 438.

Stanley incorrectly contends that his claim is viable under the *Ex parte Young* exception to Eleventh Amendment immunity. Brief for Stanley 20–22; Response, R.17, PageID.166 (discussing *Garrett*, 351 U.S., at 374 n. 9). Although *Garrett* allows private parties to seek injunctive relief under *Young* notwithstanding its Eleventh Amendment ruling, *Garrett*, 351 U.S., at 374 n. 9, the high court did not alter the *Young* doctrine in so holding. *Young* allows claims for injunctive relief against state *officials*, not against the states or their agencies. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) ("*Young* and its progeny render the [Eleventh] Amendment wholly inapplicable to a certain class of suits. Such suits are deemed to be against officials and not the States or their agencies, which retain their immunity against all suits in federal court."). Stanley

asserted his Title I claim only against the University.  Compl., R.1, PageID.5, at ¶¶36–37.  So too would his proposed amendment.  Proposed Am. Compl., R.17-2, PageID.204, at ¶¶44–45; First Order, R.19, PageID.226.

**B.    DeCamp and Hills.**  The district court correctly denied leave to add DeCamp and Hills as parties to this claim.  Stanley did not name them as parties to Count 1 in the operative complaint.  He specifically pleaded that "WMU" hired him.  Compl., R.1, PageID.2, at ¶9.  And there are no allegations naming DeCamp or Hills as party to this claim.   See generally, Compl., R.1, PageID.5, at ¶¶35–37.

Nor would the proposed amendment add them as parties to Count 1.  There is but a fleeting reference to enjoining "Defendants" from "firing" Stanley.  Proposed Am. Compl., R. 17-2, PageID.204, at ¶46.  Yet the termination had already occurred and logically cannot be enjoined.  While the proposed amendment would ask the Court to "[r]einstate [him] to his prior position as a utility food worker at WMU[,]" Stanley does not specify to whom such an order should be directed.  Proposed Am. Compl., R. 17-2, PageID.205, at ¶47.  Courts are not required to guess the nature of or create a litigant's claim.  *Clark v. National Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (CA6 1975).  Accord, *Russell v. Tennessee Dept. of Corrections*, 99 F. Appx. 575, 577 (CA6 2004) (citing Fed. Rule Civ. Proc. 8(a)).

This aside, Stanley has not stated a viable Title I claim against DeCamp or Hills as pleaded or as proposed for two reasons.

**1.**    There can be no personal capacity claim against DeCamp or Hills because there is no personal liability for claims arising under Title I of the ADA.  Arguing otherwise, Stanley points to the definition of "employer" in the Act.  Title I

prohibits a "covered entity" from discriminating against a qualified individual on the basis of disability. 42 U.S.C. §12112(a). The term "covered entity" means, *inter alia*, an "employer." 42 U.S.C. §12111(2). The term "employer," in turn, means a "person" engaged in an industry affecting commerce and meeting other criteria not relevant here. 42 U.S.C. §12111(5)(A). A "person" includes governments and their agencies. 42 U.S.C. §12111(7); 42 U.S.C. §2000e(a). Stanley's posits that: (1) the University, as a government institution, is a person and thus an employer; and (2) DeCamp and Hills are agents of the University and thus agents of an employer; so (3) they too are "employers" subject to individual liability under Title I. Brief for Stanley 6.

This Court has, however, already rejected this interpretation of "employer." "[N]umerous courts, including this one, have held that supervisors, sued in their individual capacities, are not included within the statutory definition of 'employer' under Title VII and its sister civil rights statutes, and accordingly cannot be held personally liable for discrimination." *Hiler v. Brown*, 177 F.3d 542, 546 (CA6 1999) (citing *Wathen v. General Elec. Co.*, 115 F.3d 400, 404 n. 4 (CA6 1997), *Pritchard v. Southern Co. Servs.*, 102 F.3d 1118, 1119 (CA11 1996); *Smith v. Lomax*, 45 F.3d 402, 403 (CA11 1995); *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279–1281 (CA7 1995)). See also *Mason v. Stallings*, 82 F.3d 1007, 1009 (CA11 1997); *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 n. 2 (CA7 1995). The Court explained that "the purpose of imposing liability on an employer and its agent was simply to define the scope of an employer's derivative liability." *Hiler*, 177 F.3d, at 546 (citing *Wathen*, 115 F.3d, at 406 (quoting *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1314 (CA2 1995))). In other words, Congress's inclusion of the

word "agent" in the definition of "employer" signals only that employers are vicariously liable for the acts of their employees under the doctrine of *respondeat superior*.

In reply, Stanley may note that neither *Hiler* nor *Wathen* were cases arising under Title I of the ADA. (*Hiler* was a Rehabilitation Act case and *Wathen* arose under Title VII of the Civil Rights Act.) It is a distinction without a difference, however, because *Wathen* specifically noted that the liability schemes in Title VII and its "close counterparts," the ADA and the Age Discrimination in Employment Act ("ADEA"), all limit liability to the employer notwithstanding use of the term "agent" in defining employer. *Wathen*, 115 F.3d, at 404, n. 6 (so holding and then announcing that cases under Title VII, ADEA, and ADA should be analyzed the same way and that case law may be applied interchangeably between those Acts).

**2.**     Stanley has not proffered a plausible official capacity claim against DeCamp or Hills for at least two reasons.

First, Stanley sought damages, not injunctive relief. Compl., R.1, PageID.6, at ¶¶46–50. His stray, ambiguous request for "other legal or equitable remedies" was not enough to invoke the *Ex parte Young* exception. *Ortiz v. Long*, 2023 Lexis 113439, at *5 (WD Tenn., May 24, 2023) ("'ostensibly requesting' prospective relief is not sufficient to plead that the *Ex parte Young* exception applies" (cleaned up)); *Hawthorne-Burdine v. Oakland Univ.*, 158 F. Supp. 3d 586, 599 n. 12 (ED Mich. 2016) (quoting *Edelman v. Jordan*, 415 U.S. 651, 667 (1974) ("equitable relief may be barred by the Eleventh Amendment")); *Taylor v. City of Akron*, No. 5:13-cv-1635; 2013 Lexis 143466, at *12–13 n. 6 (ND Ohio, Oct. 3, 2013) (ruling

that "[t]o the extent plaintiff seeks declaratory, injunctive, or other equitable relief against the Akron defendants, his complaint, even liberally construed, does not specify any particular prospective injunctive or declaratory relief and therefore fails to state a facially plausible claim for relief," citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716 (CA6 1996) (holding that a court is not required to accept summary allegations or unwarranted legal conclusions in determining whether a complaint states a claim for relief)).

Second, neither the operative complaint nor the proposed amended complaint plead facts that would support an official capacity claim against DeCamp or Hills. Although Stanley correctly notes that (*a*) the Supreme Court carved out an exception to Eleventh Amendment immunity in *Young* for claims seeking prospective relief against individual state officials in their official capacities, and (*b*) job reinstatement is considered prospective relief, *Carten v. Kent State Univ.*, 282 F.3d 391, 395–396 (CA6 2002), such relief must be sought against a state official who has "some connection" to the ongoing violation, *Ex parte Young*, 209 U.S., at 157. The connection must satisfy requirements for Article III standing: injury-in-fact, causation, and redressability. *WCI, Inc. v. Ohio Dept. of Pub. Safety*, 18 F.4th 509, 514–515 (CA6 2021). An injury is an actual or imminent concrete and particularized invasion of a legally protected interest. *Id.*, at 515. "To establish causation, the injury must be fairly traceable to the defendant's conduct. *Ibid.* "And for an injury to be redressable, it must be likely to be redressed by a favorable decision." *Ibid.* Stanley may have pleaded an injury-in-fact by alleging that he

was discriminated against on the basis of his alleged disability, but he has not pleaded facts that plausibly establish causation or redressability.

On causation, the operative complaint does not identify the University employee who terminated him.  See Compl., R.1, PageID.2–5, at ¶28 (pleading in the passive voice that, "[t]he day after Mr. Stanley made these numerous attempts to request reasonable accommodations for his disabilities, he was terminated.")  It cannot be reasonably inferred from the pleadings that DeCamp or Hills were the officials who terminated him because (1) he also named an unknown number of John and Jane Does "for violations of the [ADA]," Compl., R.1, PageID.1, at Preamble; (2) the only inferable allegation against DeCamp is that she spoke with Stanley about his tardiness, Compl., R.1, PageID.4, at ¶¶21–24; and (3) the only allegation against Hills is that Stanley unsuccessfully tried to speak with him after termination, Compl., R.1, PageID.5, at ¶¶29–30, 32.  Notably, Stanley alleges that he also approached Paul Choker to discuss his termination, and yet Choker is not a named defendant.  *Id.*, at ¶31.  This reinforces that alleging an actual or attempted conversation is not the same thing as alleging that the person with whom Stanley spoke (or tried to speak) was the state official who caused his termination.  The proposed amended complaint would not modify these allegations.  Compare Compl., R.1, PageID.4–5, at ¶¶21–23, 28–32, with Proposed Am. Compl., R.17-2, PageID.202–204, at ¶¶24–26, 32–35.  Nor do any of the new allegations identify the person who terminated him.  See generally, Proposed Am. Compl., R.17-2, PageID.200–205, at ¶¶9–49.

On redressability, neither the operative complaint nor the proposed complaint plead that DeCamp or Hills has the power to reinstate Stanley to his job.  He has not, therefore, plausibly pleaded that a prospective injunction directed at them could achieve the desired remedy.  *Wall v. Michigan Rental*, 852 F.3d 492, 495 (CA6 2017) (holding that the plausibility pleading standard applies to the elements of Article III standing).

Accordingly, the Court should affirm the dismissal of Count 1 with prejudice and the decision to deny leave to amend this claim as futile based on the proposed amended complaint.

**II.    <u>Count 2</u>:  The district court correctly granted summary judgment on Stanley's claim for retaliation under Title V of the ADA and correctly declined leave to amend for futility.**

Stanley also sued the University for retaliation, claiming that it discharged him after he allegedly opposed the University's purported refusal to accommodate his alleged disability, in violation of Title V of the ADA, 42 U.S.C. § 12203.  Compl., R.1, PageID.5, at ¶ 34.  The district court correctly ruled that Eleventh Amendment immunity for Title I claims extends to Title V retaliation claims, as well.  First Order, R.19, PageID.226–227.  And, although the operative complaint did not name DeCamp or Hills as parties to this claim, the district court also determined that Stanley's proposed amendment would not state a viable claim against those defendants, either.  *Id.*, at PageID.227–228.

**A.    WMU.**  The lead case for this point of law is *Demshki v. Monteith*, 255 F.3d 986 (CA9 2001).  Applying to Title V retaliation claims *Garrett*'s test requiring proof of a pattern of irrational state discrimination before Congress could waive

states' sovereign immunity, the Ninth Circuit observed that Congress had likewise failed to show a pattern of states retaliating against employees who oppose unlawful employment discrimination against the disabled.  The court therefore held that Congress could not abrogate the states' Eleventh Amendment immunity for Title V under the Fourteenth Amendment, at least where liability is premised upon a substantive violation of Title I.  *Id.*, at 989.  Every court to have considered the issue has adopted the Ninth Circuit's reasoning.  See *Taylor v. University of Mich.*, 2018 Lexis 42749, at *23 (ED Mich., Feb. 23, 2018) (collecting cases) (decided by then Magistrate Judge, now Circuit Judge Stephanie Dawkins Davis).  See also *Dugger v. Stephen F. Austin State Univ.*, 232 F. Supp. 3d 938, 951 (ED Tex. 2017) ("Court have uniformly held that retaliation claims premised on employment discrimination under Title I of the ADA are subject to the Eleventh Amendment."); *Chiesa v. New York State Dept. of Labor*, 638 F. Supp. 2d 316, 323 (NDNY 2009) ("If a state is immune from [the] underlying discrimination, then it follows that the state must be immune from claims alleging retaliation for protesting against [that] discrimination.").

Despite the uniformity on this point, Stanley points to *McCollum v. Owensboro Cmty. & Tech. Coll.*, No. 4:09-cv-00212; 2010 Lexis 135637 (WD Ky., Dec. 22, 2010), for the proposition that there is a split of authority, and to *Cook v. Garner*, No. 19-5931; 2020 Lexis 19024, at *8–9 (CA6, Jun. 17, 2020), for the proposition that neither the Supreme Court nor this Court has definitively ruled that a state retains Eleventh Amendment immunity for Title V claims.  While Stanley fairly notes that there is no controlling authority on this issue from the Supreme Court or

this Court, there is no split of authority.  The cases that *McCollum* cited are readily distinguishable.  For example, *Sarkissian v. West Va. Univ. Bd. of Governors*, No. 1:05-cv-144; 2007 Lexis 32881 (ND W.Va., May 3, 2007), and *Demby v. Maryland Dept. of Health & Mental Hygiene*, No. 06-cv-1816; 2009 Lexis 12619 (D Md., Feb. 13, 2009), involved underlying violations of Title II of the ADA, not Title I.  And *Roberts v. Pennsylvania Dept. of Pub. Welfare*, 199 F. Supp. 2d 249, 253–254 (ED Penn. 2002), involved an underlying claim grounded in the First Amendment, not Title I.  Stanley's Title V claims arises squarely under Title I, not Title II.  Thus, the *Sarkissian* line of cases is not persuasive authority for allowing his Title V claim to proceed here.

The district court also correctly ruled that Stanley's proposed amendment would not cure this flaw.  This is so for the same reason as his Title I claim.  Under the proposed amended complaint, his Title V claim would be asserted only against the University.  Proposed Am. Compl., R.17-2, PageID.205, at ¶¶50–52.  And, again, a state instrumentality is not a proper defendant on a *Young* claim.  *Puerto Rico Aqueduct*, 506 U.S., at 146.

**B.**   **DeCamp and Hills.**  Stanley contends that he named DeCamp and Hills as defendants to Count II in both the operative complaint and the proposed complaint.  Brief for Stanley 20–22; see Response, R.17, PageID.170–171.  While that is clearly not the case, even assuming that to be true *arguendo*, those claims would fail for the same reasons as his Title I claim.  See Argument I.C(2)–(3), *supra*.

III.   <u>Counts 2–3</u>:  **The district court correctly dismissed Stanley's state law claims for failure to comply with the statutory notice required as a condition precedent to the waiver of sovereign immunity under state law.**

In Count 2, Stanley combined with his Title V retaliation claim under the ADA a claim against the University for retaliation and intimidation under the ADA's state-law cognate, the PWDCRA.  Compl., R.1, PageID.6, at ¶¶38–40.  In Count 3, he alleged a claim for intentional infliction of emotional distress, also under state law.  *Id.*, at ¶¶41–45.  As noted in Arguments I–II, Count 2 named only the University as a defendant.  In Count 3, Stanley named the University, DeCamp, and Hills.

**A.**   **WMU.**   As before, the University is immune from suit on these claims under the Eleventh Amendment because a state instrumentality cannot be sued in federal court for a state law claim.  See Arguments I–II, *supra*.  See also *Kreipke*, 807 F.3d, at 781.  In addition, the University separately enjoys sovereign immunity from suit under state law, unless a plaintiff complies with the notice requirement under the Michigan Court of Claims Act ("<u>MiCOCA</u>").  *Christie v. Wayne State Univ.*, 511 Mich. 39, 64 (2023) (construing Mich. Comp. Laws §600.6431(1)).

Stanley argues, in error, that there was supplemental jurisdiction for his state law claims and that the MiCOCA notice requirement does not apply to claims filed against the University in federal court.  Brief for Stanley 25–26.  As an initial matter, he forfeit this argument by failing to raise it before the district court.  *Thomas M. Cooley Law Sch. v. Kurzon Strauss, LLP*, 759 F.3d 522, 529 (CA6 2014) (citing "our well-settled rule that 'this court declines to entertain arguments not presented in the first instance to the district court.'" (citation omitted)).  In any event, the

argument lacks merit.

The Michigan Court of Claims has exclusive jurisdiction over claims against the state except when a party has a right to and has requested a jury trial or when the plaintiff has an adequate remedy in federal court. Mich. Comp. Laws §600.6419(1) (excepting actions governed under Mich. Comp. Laws §600.6421 (jury trials) and Mich. Comp. Laws §600.6440 (adequate remedy in federal court)). When either exception applies, Michigan circuit courts have concurrent jurisdiction over (*a*) claims as to which the state has consented to be sued under state law, and (*b*) any federal claims as to which the state lacks Eleventh Amendment immunity, provided Congress has not reserved exclusive jurisdiction to the federal courts. *McKenzie v. Michigan Dept. of Corrections*, 332 Mich. App. 289, 302–308 (2020) (citing, for point (*b*), *Office Planning Gp., Inc. v. Baraga-Houghton-Keweenaw Child Dev. Bd.*, 472 Mich. 479, 493–494 (2005)). As the Supreme Court of Michigan explained in *Christie*, the MiCOCA notice requirement applies to all claims filed against the state, even when the claim is filed in circuit court, rather than the Court of Claims. *Christie*, 511 Mich., at 64. This means that Stanley was indeed required to file a notice under MiCOCA. And, because the timely and proper filing of notices is a condition precedent to the state's waiver of sovereign immunity under state law to be sued, Stanley's failure to do so means that the University's sovereign immunity under state law remains intact.

Federal courts adjudicating claims arising under state law are bound to apply state substantive law. *Erie R. Co. v. Thompkins*, 304 U.S. 64 (1938). This includes state law on sovereign immunity. *Western Penn. Nat. Bank v. Ross*, 345 F.2d 525,

526 (CA6 1965).  Accord, *Martinez v. California*, 444 U.S. 277, 282 n. 5 (1980) (reaffirming state law immunity defenses when state law supplies the claim).  This is true whether the court exercises diversity or supplemental jurisdiction.  *Criswell v. Wayne Cty.*, 165 F.3d 26 (Table); 1998 Lexis 21492 (CA6, Aug. 27, 1998) (holding that "the state law claims against the state, state agencies, and state officials in their official capacity are barred by state sovereign immunity."); *Crawford v. Lexington-Fayette Urban Co Govt.*, No. 06-cv-299; 2007 Lexis 2567, at *10–13 (ED Ky., Jan. 9, 2007) ("Contrary to the plaintiffs' assertion, there is widespread agreement that state rules of sovereign immunity govern in federal court on issues related to alleged violations of state law.").[1]

Accordingly, the district court correctly ruled that it lacked power to grant relief against the University on Stanley's state law claims because Stanley failed to do what was required of him to avoid sovereign immunity under state law.

**B.   DeCamp and Hills.**  To the extent Stanley asserted his state law claim for intentional infliction of emotional distress against DeCamp and Hills in their official capacities, he forfeit his contention that the MiCOCA notice requirement does not apply to state officials and employees by failing to raise it below.  Still, in

---

[1]   Even if Stanley had filed a timely and proper notice, the University would still be immune from the emotional distress claim in Count 3 under the Michigan Governmental Tort Liability Act ("GTLA") as a matter of sovereign immunity and governmental immunity.  Mich. Comp. Laws §691.1407(1); *Hannay v. Michigan Dept. of Transp.*, 497 Mich. 45, 58–59 (2014).  The University acknowledges, however, that the Michigan Legislature has waived sovereign immunity for violations of the PWDCRA, provided that a plaintiff first complies with the MiCOCA notice requirement, something Stanley failed to do.  *Christie*, 511 Mich., at 48.

candor, he is correct as a matter of state law, although he did not cite the controlling state law case.  *Pike v. Northern Mich. Univ.*, 327 Mich. App. 683, 694–698 (2019).

Assuming *arguendo* that this Court were to reach the issue, apply the reasoning in *Pike* on an *Erie* guess, and hold that no notice was required,[2] Stanley's emotional distress claim would still fail under state sovereign immunity because (*a*) such claims have long been treated as a suit against the state under state law, *Longstreet v. Mecosta Cty.*, 228 Mich. 542, 548 (1924); *McDowell v. Warden of Ionia Reformatory*, 169 Mich. 332 (1912); *Tocco v. Piersante*, 58 Mich. App. 616, 623–624 (1976); and (*b*) the University would enjoy both sovereign immunity and governmental immunity under the GTLA.  Mich. Comp. Laws §691.1407(1).

To the extent that Stanley asserted this claim against DeCamp and Hills in their individual capacities, it also fails at the pleading stage for two reasons.

First, the allegations in the operative and proposed complaints fail to plead a plausible claim.[3]  On the operative complaint, not accommodating a punch card for a swipe card facially fails to plead as a matter of law the prime element of the tort: conduct "so outrageous in character" and "so extreme in degree, as to go beyond all possible bounds of decency and regarded as atrocious and utterly intolerable in a

---

[2]    *Pike* is controlling as a matter of state law.  Mich. Ct. Rule 7.215(C)(2).  Under the *Erie* doctrine, *Pike* is not controlling on this Court.  *Brown Jug, Inc. v. Cincinnati Ins. Co.*, 27 F.4th 398, 402–403 (CA6 2022).

[3]    The University acknowledges that the following individual-capacity argument was not argued below.  But, as the appellee, forfeiture does not apply.  The argument is offered as alternative grounds to affirm the district court under the "wrong reason, right result" doctrine.  *United States ex rel. Awad v. Chrysler Gp., LLC*, 571 F. Appx. 366, 371 (CA6 2014).

- 32 -

civilized community." *Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 603 (1985) (defining elements); *Swain v. Morse*, 332 Mich. App. 510, 534 (2020).[4]  This is initially a question of law for the court; only if reasonable minds could differ does it become a jury question.  *Swain*, 332 Mich. App., at 534.  Nothing in the operative complaint comes close to describing such conduct as to either DeCamp or Hills.  Construing the allegations in the light most favorable to Stanley and drawing all reasonable inference in his favor, he alleges at most that DeCamp spoke to him about his tardiness and that, after he had a separate conversation with Hills, Hills asked campus police to give him a trespass warning.  Compl., R.1, PageID.4–5, at ¶¶21–23, 30–32.  None of the new allegations in the proposed complaint alter this analysis.

Second, even if Stanley could plead a plausible claim, district courts decline to exercise supplemental jurisdiction if the federal claims supplying original jurisdiction are dismissed.  28 U.S.C. §1367(c)(3).  "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims[.]"  *Musson Theatrical v. Federal Express Corp.*, 89 F.3d 1244, 1254–1255 (CA6 1996).  "If the [district] court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can *never* exist."  *Id.*, at 1255 (emphasis in original).  In such cases, "a district court has no discretion to exceed the scope of its Article III power[,]" and has no choice but to dismiss the

---

4    The Supreme Court of Michigan extensively analyzed the tort of intentional infliction of emotional distress in *Roberts* but deferred recognizing it as a valid tort claim under Michigan law.  *Roberts*, 422 Mich., at 611.  Although the state's high court has not yet recognized the claim, the Michigan Court of Appeals has done so and applies the *Roberts* analysis.  See, *e.g.*, *Swain v. Morse*, 332 Mich. App. 510, 534 (2020).

claim. *Ibid.* And, if the court dismisses under Rule 12(b)(6), a plaintiff must articulate "some prejudice arising from relegating the case for trial in the state court." *Ibid.*

As pleaded in operative complaint, the district court had no jurisdiction over the claims against the University under the Eleventh Amendment, which would prohibit the exercise of supplemental jurisdiction under Article III. And, with the proposed complaint being futile, the Article III bar remains. Even if not—*i.e.*, that denying leave to amend on futility is treated functionally as a Rule 12(b)(6) ruling— Stanley would still be required to show some prejudice that would flow from being forced to litigate his state law claim in state court. Nothing in the record could conceivably support such a contention.

## CONCLUSION

For these reasons, the Court should affirm the dismissal of Stanley's claims and the decision to deny leave to amend to file the proposed amended complaint.

Respectfully submitted,

BUTZEL

Dated:  February 19, 2024

/s/ *Joseph E. Richotte*

DANIEL B. TUKEL
JOSEPH E. RICHOTTE
Columbia Center
201 W. Big Beaver Rd. #1200
Troy, MI  48084
(248) 258-1616
tukel@butzel.com
richotte@butzel.com
*Counsel for Western Michigan University*

100618520.1

## CERTIFICATE OF COMPLIANCE

This brief contains 6,080 countable words as calculated using Microsoft Word for Office 365 ProPlus.  This complies with the limit of 13,000 countable words for principal briefs under Fed. Rule App. Proc. 32(a)(7)(B)(i), Bullet 1; Fed. Rule App. Proc. 32(f); Rule 32(b)(1) (CA6 2023).

This brief is typeset in Century Supra, a proportionally spaced serif font. The font point is equivalent to 14-point Times New Roman.  This complies with the typeface requirement under Fed. Rule App. Proc. 32(a)(5).

This brief is formatted for reproduction on U.S. letter-size paper with one-inch margins.  Leading for headings, block quotes, and footnotes is set with 17½ points of space between lines.  Leading for all other text in this brief is set to 28 points of space.  These settings comply with the format standards required and permitted under Fed. Rule App. Proc. 32(a)(4).

Respectfully submitted,

∞ BUTZEL

Dated:  February 19, 2024

/s/ *Joseph E. Richotte*

DANIEL B. TUKEL
JOSEPH E. RICHOTTE
Columbia Center
201 W. Big Beaver Rd. #1200
Troy, MI  48084
(248) 258-1616
tukel@butzel.com
richotte@butzel.com
*Counsel for Western Michigan University*

100618520.1

## PROOF OF SERVICE

On February 19, 2024, I served this brief through the Court's efiling system on:

Eric D. Delaporte, Esq.
Delaporte Lynch, PLLC
210 State St., Ste. B
Mason, MI 48854
eric@delaportelaw.com
*Counsel for Appellant Benjamin Stanley*

Respectfully submitted,

∞ BUTZEL

Dated:  February 19, 2024

/s/  *Joseph E. Richotte*

DANIEL B. TUKEL
JOSEPH E. RICHOTTE
Columbia Center
201 W. Big Beaver Rd. #1200
Troy, MI  48084
(248) 258-1616
tukel@butzel.com
richotte@butzel.com
*Counsel for Western Michigan University*

100618520.1

**ADDENDUM**

| R. | Description | PageID |
|---|---|---|
| <u>01</u> | Complaint | 1–10 |
| <u>16</u> | University's Motion to Dismiss | 50–163 |
| <u>17</u> | Stanley's Response | 164–207 |
| <u>18</u> | University's Reply | 208–218 |
| <u>19</u> | First Order of Dismissal and Order to Show Cause | 219–235 |
| <u>20</u> | Notice of Appeal | 236 |
| <u>22</u> | Second Order of Dismissal | 240 |
| <u>23</u> | Judgment | 241 |