No. 23-1808

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

BENJAMIN STANLEY,
*Plaintiff-Appellant*,

v.

WESTERN MICHIGAN UNIVERSITY,
WARREN HILLS,
UNKNOWN PARTIES, and
KATIE DECAMP,
*Defendants-Appellees*.

On Appeal from the Western District of Michigan
HON. JANE M. BECKERING
No. 1:23-cv-00206

**REPLY BRIEF OF
PLAINTIFF-APPELLANT, BENJAMIN STANLEY**

Eric D. Delaporte (P69673)
DELAPORTE LYNCH, PLLC
Attorney for Plaintiff-Appellant
210 State St., Suite B
Mason, MI 48854
(517) 999-2626

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................... ii
SUMMARY OF THE ARGUMENT ...................................................................... 1
ARGUMENT ............................................................................................................ 3
    I.   The Court has jurisdiction to hear this appeal ........................................ 3
        A.   Finality of August 7, 2023, decision ........................................... 3
        B.   Fed. Rule App. Proc. 4(a)(2) safe harbor .................................... 6
    II.   The district court improperly declined leave to amend and improperly dismissed Stanley's claim for disability discrimination under Title I of the ADA ................................................................................................................. 6
        A.   Leave to amend Complaint ........................................................... 7
        B.   Improper dismissal of Stanley's claim for disability discrimination under Title I of the ADA .................................................................. 9
    III.   The district court improperly dismissed Stanley's claim for retaliation under Title V of the ADA ............................................................................ 10
        A.   Immunity for WMU under Title V ............................................. 10
        B.   Immunity for DeCamp and Hills under Title V ........................ 10
    IV.   The district court improperly dismissed Stanley's state law claims .... 11
CONCLUSION ...................................................................................................... 13
CERTIFICATE OF COMPLIANCE .................................................................... 14
CERTIFICATE OF SERVICE .............................................................................. 15

# INDEX OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ............................................................ 8

*Carten v. Kent State Univ.*, 282 F.3d 391, 395-396 (6th Cir. 2002) ........................ 7

*Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 545 (1949) .................... 4

*Gillespie v. United States Steel Corp.*, 379 U.S. 148 (1964) ................................... 4

*Hawthorne-Burdine v. Oakland Univ.*, 158 F. Supp. 3d 586 (E.D. Mich. 2016) ..... 9

*In re Subpoena served on California Public Utilities Com.*, 813 F.2d 1473 (9th Cir. 1987) ..................................................................................................................... 5

*Riley v. Kennedy*, 553 U.S. 406, 419 (2008) ............................................................ 3

*United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 725 (1966) ....................... 12

*WCI, Inc. v. Ohio Dept. of Pub. Safety*, 18 F.4th 509, 514-515 (6th Cir. 2021) ......... 8

## Statutes

28 U.S.C. § 1291 ....................................................................................................... 3

28 U.S.C. § 2107(a) .................................................................................................. 3

Mich. Comp. Laws § 600.6431 .......................................................................... 2, 11

## Rules

Fed. Rule App. Proc. 4(a)(1)(A) ............................................................................... 3

Fed. Rule App. Proc. 4(a)(2) .................................................................................... 6

## SUMMARY OF THE ARGUMENT

**This Honorable Court has jurisdiction to hear this appeal**: The August 7, 2023, decision of the district court dismissing all counts against the three named Defendants represented a final decision which Stanley responded to by filing a notice of appeal within the proper timeframe. As such, Defendants' arguments that this Court lacks jurisdiction to hear this appeal are without merit.

**The district court improperly declined leave to amend Stanley's Complaint for futility and improperly dismissed Stanley's claim for disability discrimination under Title I of the ADA**: Stanley put forward proposed amendments to his Complaint that properly stated a claim against DeCamp and Hills for disability discrimination under Title I of the ADA. The district court erred in determining that Stanley's proposed amendments would fail a motion to dismiss. The district court should have granted Stanley leave to amend his Complaint and denied Defendants' motion to dismiss for failure to state a claim.

**The district court improperly dismissed Stanley's claim for retaliation under Title V of the ADA**: Defendants concede that there is no controlling authority that dictates that the state has retained its Eleventh Amendment immunity in claims under Title V of the ADA. Additionally, for the same reasons that the district court improperly dismissed Stanley's claims against DeCamp and Hills under Title I of

1

the ADA, the district court also improperly dismissed Stanley's claims against DeCamp and Hills under Title V of the ADA.

**The district court improperly dismissed Stanley's state law claims**: Defendants' arguments fail to combat the notion that DeCamp and Hills, when sued in their individual capacities, are not subject to the notice requirement of Mich. Comp. Laws § 600.6431. Defendants' remaining contentions regarding Stanley's state law claims alleged against DeCamp and Hills in their individual capacities are without merit.

# ARGUMENT

**I.    The Court has jurisdiction to hear this appeal.**

As noted by Defendants, under 28 U.S.C. § 1291, 28 U.S.C. § 2107(a), and Fed. Rule App. Proc. 4(a)(1)(A), this Honorable Court has jurisdiction when notice of appeal is given within 30 days of the final decision of the district court. Contrary to Defendants' assertions, the district court's August 7, 2023, order dismissing WMU, Hills, and DeCamp represented a final order, and Stanley's September 5, 2023, notice of appeal was thus timely.

**A. Finality of August 7, 2023, decision.**

In support of their argument, Defendants cite *Riley v. Kennedy*, a case in which the Supreme Court recognized that "[a] final judgment is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Riley v. Kennedy*, 553 U.S. 406, 419 (2008) (quotation and citation omitted). The order in that case, however, is distinguishable from the one at issue in this case. The order in *Riley* resolved an issue of liability without addressing the plaintiff's demand for injunctive relief. As the Supreme Court noted, "an order resolving liability without addressing a plaintiff's requests for relief is not final." *Id*. In the present case, however, the August 7, 2023, order at issue did decisively address Stanley's request for relief from Defendants Western Michigan University, Katie Decamp, and Warren Hills, declaring all three counts to be dismissed with

prejudice concerning the three named Defendants. Contrary to Defendants' assertions, the order was indeed a final, appealable order.

In general, Defendants' brief fails to fully contemplate the finality of the order given by the district court on August 7, 2023. All counts against the primary named Defendants were dismissed, with no potential for further consideration by the court. While the court did allow Stanley the opportunity to show cause in writing why Defendants John Doe and Jane Doe should not be dismissed, it provided a deadline of August 21, 2023, in which to do so. Once this deadline passed, the litigation against all Defendants, both named and unnamed, was effectively ended on the merits, and all that was left for the court to do was execute the judgment concerning the unnamed Defendants.

Defendants' argument also fails to recognize that, to qualify as a final decision under 28 U.S.C. § 1291, an order does not necessarily have to be the last order that it is possible for the district court to make in the case. *Gillespie v. United States Steel Corp.*, 379 U.S. 148 (1964); *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 545 (1949). The Supreme Court has recognized that whether a ruling is final "is frequently so close a question that decision of that issue either way can be supported with equally forceful arguments, and that it is impossible to devise a formula to resolve all marginal cases coming within what might well be called the "twilight zone" of finality." *Gillespie* at 152. Courts employ a "practical rather than

4

a technical construction" of the finality requirement and must balance "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Id*. at 152-53; See also *In re Subpoena served on California Public Utilities Com.*, 813 F.2d 1473 (9th Cir. 1987).

In the present case, there is no danger of additional inconvenience and costs due to piecemeal review. The August 7, 2023, order which dismissed all counts against the three named Defendants, along with the fact that Stanley did not show cause in writing by August 21, 2023, regarding the John Doe and Jane Doe Defendants, rendered the decision on all counts, and pertaining to all Defendants, effectively final by the time Stanley filed his notice of appeal. Construing Defendants' arguments in a light most favorable to them, Defendants have, at best, a technical argument as to why this Court lacks jurisdiction due to unresolved aspects of the district court's August 7, 2023, order. Practically speaking, the decision regarding the three primary named Defendants was final on August 7, and the decision regarding unnamed Defendants final on August 21. As such, Stanley's September 5th notice of appeal responded to decisions made by the court that were final, irreversible, and resolved all issues in the case, and it is proper for this Honorable Court to hear such an appeal.

### B. Fed. Rule App. Proc. 4(a)(2) safe harbor.

Defendants also acknowledge Fed. Rule App. Proc. 4(a)(2), which provides that "[a] notice of appeal filed after the court announces a decision or order – but before the entry of the judgment or order – is treated as filed on the date of and after the entry." Fed. Rule App. Proc. 4(a)(2). This rule, which Defendants acknowledge is meant to give effect to notices entered between the time a ruling is proclaimed orally from the bench and when it is confirmed in writing, is inapplicable to the current case. As discussed above, the district court's August 7, 2023 order represents a final decision which Stanley properly and timely appealed. As such, Defendants' argument that there was no oral ruling from the bench to trigger the safe harbor provision is of no consequence, as there is no need for Stanley to avail himself of Fed. Rule App. Proc. 4(a)(2).

### II. The district court improperly declined leave to amend and improperly dismissed Stanley's claim for disability discrimination under Title I of the ADA.

Contrary to Defendants' assertions, the district court improperly declined Stanley's request for leave to amend his complaint. Defendants argue that the district court correctly concluded that Stanley's proposed amendments would have been futile regarding Count I and that declining leave to amend was therefore proper. **Brief for Appellees 18-25**. Defendants' arguments fail because Stanley's proposed amendments to his Complaint would have properly stated a claim for disability

discrimination under Title I of the ADA against Defendants Hills and DeCamp. Thus, Stanley's claim for disability discrimination under Title I of the ADA was improperly dismissed.

### A. Leave to amend Complaint.

Defendants argue that the district court properly refused Stanley leave to amend his Complaint because the proposed amendments would have been futile. **Brief for Appellees 18-25**. Defendants are incorrect in their assertions about the futility of Plaintiff's proposed amendments and fail to adequately address the standard required to survive a 12(b)(6) motion to dismiss.

Defendants concede in their brief that "(*a*) the Supreme Court carved out an exception to Eleventh Amendment immunity in *Young* for claims seeking prospective relief against individual state officials in their official capacities, and (*b*) job reinstatement is considered prospective relief." **Brief for Appellees 23**; *Carten v. Kent State Univ.*, 282 F.3d 391, 395-396 (6th Cir. 2002). However, Defendants conclude that Stanley's proposed amendments failed to add DeCamp and Hills as parties to Count I. **Brief for Appellees 20**. This is plainly incorrect, as Stanley's proposed amendments under Count I include enjoining "Defendants from firing Mr. Stanley" and asking that Stanley be reinstated to his prior position as a utility food worker at WMU. **Proposed Am. Compl., RE 17-2, Page ID # 204-05, ¶¶ 46, 47**. The term "Defendants" includes DeCamp and Hills. Stanley's request to enjoin

7

DeCamp and Hills from firing him, along with his request to be reinstated, are clear expressions of a request for prospective injunctive relief against individual state officials in their official capacities. Additionally, at the top of Stanley's proposed amended Complaint, it is indicated that both DeCamp and Hills are being sued in their individual and official capacities. **RE 17-2**.

Defendants also contend that Stanley's proposed amendments would fail a motion to dismiss because both DeCamp and Hills do not meet the requirements for Article III standing, which include 1) injury-in-fact, 2) causation, and 3) redressability. **Brief for Appellees 23**; *WCI, Inc. v. Ohio Dept. of Pub. Safety*, 18 F.4th 509, 514-515 (6th Cir. 2021). Defendants concede that Stanley may have pleaded an injury-in-fact but allege that "he has not pleaded facts that plausibly establish causation or redressability." **Brief for Appellees 23-24**.

Regarding causation, Defendants point to the fact that Stanley never mentions in his Complaint that it was either Hills or DeCamp who terminated him. Brief of Appellees 24. This observation, on its own, is far from sufficient to conclude that the amended complaint would fail a 12(b)(6) motion to dismiss. A claim is plead sufficiently to survive such a motion when factual content is alleged that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). At multiple points in Stanley's Complaint, he pleads sufficient facts to draw a reasonable inference that

the animosity held towards him by both DeCamp and Hills was the cause of his termination. As such, the proposed amended Complaint is not futile for lack of causation linking DeCamp and Hills to Stanley's injury.

Defendants also claim that Stanley's proposed complaint lacks redressability as it fails to make the case that either DeCamp or Hills has the power to reinstate Stanley to his job. **Brief for Appellees 26**. Again, a reasonable inference from the facts alleged is all that is necessary to overcome this contention, as required under the standard for a 12(b)(6) motion to dismiss. As head supervisor of Dining Services and Vice President of Human Resources, both DeCamp and Hills have the power to make decisions regarding Stanley's employment. Stanley's proposed Complaint would not be futile due to a lack of Article III standing.

In addition to the aforementioned deficiencies in Defendants' arguments related to adding DeCamp and Hills in their official capacities, Defendants also fail to adequately address in their brief the questions raised in *Hawthorne-Burdine v. Oakland Univ.* regarding personal capacity liability for DeCamp and Hills as "employers" under Title I of the ADA. **See Brief for Stanley 33**; *Hawthorne-Burdine v. Oakland Univ.*, 158 F. Supp. 3d 586 (E.D. Mich. 2016).

### B. Improper dismissal of Stanley's claim for disability discrimination under Title I of the ADA.

For the reasons just outlined, Defendants are incorrect that the district court properly declined leave to amend for futility. As such, Stanley should have been

9

allowed to amend his Complaint. If he were allowed to do this, then Count I of his amended Complaint would have survived a motion to dismiss for the reasons already stated. Therefore, Defendants' argument that the district court correctly dismissed Stanley's claim for disability discrimination under Title I of the ADA fails.

### III. The district court improperly dismissed Stanley's claim for retaliation under Title V of the ADA.

#### A. Immunity for WMU under Title V.

Defendants concede that there is no controlling authority from either the Supreme Court or this Honorable Court on the question of whether a state retains Eleventh Amendment immunity for claims under Title V of the ADA. **Brief for Appellees 26-27**. Defendants further fail to adequately address Stanley's argument that both the Supreme Court and this Honorable Court have held that, in other contexts, "antiretaliation claims and antidiscrimination claims require separate analyses, even if both claims involve the same underlying allegations." **See Brief for Stanley 16**. As Defendants can point to no controlling authority on this issue to indicate that WMU has retained its Eleventh Amendment immunity under Title V, this matter should be informed by the persuasive arguments already put forward by each side.

#### B. Immunity for DeCamp and Hills under Title V.

In their brief, Defendants simply state that claims related to DeCamp and Hills being named as defendants to Count II should fail for the same reasons as those they

put forward regarding the Title I claim.  **Brief for Appellees 27**.  Accordingly, this argument should fail for the same reasons as already discussed regarding Title I, including that both DeCamp and Hills were properly named as Defendants under Count 2 and the district court erred in declining leave to amend the Complaint.  As such, the district court improperly dismissed Stanley's claim for retaliation under Title V of the ADA.

    **IV.**   **The district court improperly dismissed Stanley's state law claims.**

Notably, Defendants do not argue against the proposition put forward by Stanley that DeCamp and Hills, when sued in their individual capacities, are not subject to the notice requirement of Mich. Comp. Laws § 600.6431.  **Brief for Appellees 30-33**.  Instead, Defendants contend that Stanley's state law claims against DeCamp and Hills should fail at the pleading stage for other reasons.  **Brief for Appellees 31**.

Defendants first assert that nothing in Stanley's Complaint suggests that DeCamp and Hills displayed any conduct "so outrageous in character" and "so extreme in degree, as to go beyond all possible bounds of decency and regarded as atrocious and utterly intolerable in a civilized community" to justify a tort for intentional infliction of emotional distress.  **Brief for Appellees 31-32**.  To support this claim, Defendants rely on the contention that allegations of not accommodating a punch card, speaking to Stanley about his tardiness, and receiving a trespass

warning, do not rise to the level of conduct required of the tort. **Brief for Appellees 31-32**. This analysis fails to capture critical conduct alleged against DeCamp and Hills in Stanley's Complaint that forms the basis of Count 3. Defendants fail to recognize that the heart of Stanley's intentional infliction of emotional distress claim, as plead in his Complaint, is the allegation that Defendants, including DeCamp and Hills, intentionally *terminated* Stanley from his job in retaliation for him requesting reasonable accommodations for his disability.

Second, Defendants rely on the idea that federal courts would have no supplemental jurisdiction over Stanley's state law claims if the federal claims supplying original jurisdiction are dismissed. **Brief for Appellees 32-33**. For reasons already discussed, Stanley's federal claims were improperly dismissed by the district court, and therefore, there should be no basis to decline to extend supplemental jurisdiction under this theory.

Regarding Stanley's contention that the notice requirement does not apply to state law claims against WMU filed in federal court, Defendants do little to combat the notion that both Stanley's state and federal law claims "derive from a common nucleus of operative fact" and the relationship between the claims is of the type that would typically indicate one constitutional case to be tried in one judicial proceeding. **Brief for Stanley 25-26**; *United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 725 (1966).

## CONCLUSION

For the foregoing reasons, Defendants' arguments to the contrary fail and Mr. Stanley requests that this Honorable Court reverse the district court's grant of Defendants' Motion to Dismiss and remand this case to the lower court for further proceedings.

Dated: March 11, 2024                    Respectfully submitted,

 

_____
Eric D. Delaporte (P69673)
Delaporte Lynch, PLLC
210 State St., Suite B
Mason, MI 48854
(517) 999-2626
Eric@DelaporteLynch.com

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,719 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Times New Roman, 14-point font.

Dated: March 11, 2024                           Respectfully submitted,

                                                /s/ Eric Delaporte
                                                Eric D. Delaporte (P69673)
                                                Delaporte Lynch, PLLC
                                                210 State St., Suite B
                                                Mason, MI 48854
                                                (517) 999-2626
                                                Eric@DelaporteLynch.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2024, I filed a copy of Plaintiff-Appellant Benjamin Stanley's Reply Brief through the Court's Electronic Case Filing (ECF) System. As such, Notice of this filing will be sent to counsel of record for all Defendants-Appellees registered with the Court's ECF System.

Dated: March 11, 2024                    Respectfully submitted,

 

/s/ Eric Delaporte
Eric D. Delaporte (P69673)
Delaporte Lynch, PLLC
210 State St., Suite B
Mason, MI 48854
(517) 999-2626
Eric@DelaporteLynch.com

# ADDENDUM

| Document | Filing Number | Page ID Range |
|---|---|---|
| Plaintiff's Exhibit 2 – Proposed First Amended Complaint | RE 17-2 | Page ID # 204-05 |